PRATT & FOX *vs.* SHERRARD CLEMENS *et al.*

January Term, 1871.

When a paper purporting to be a deed of trust does not appear to have been executed under the *seals* of the grantors, it does not create a lien so as to defeat subsequent judgment creditors. And such paper does not come within the provisions of the 4th section of chapter 118, Code of Virginia, 1860, for while it might be technically a contract for a conveyance of the land, it is in substance nothing more than a contract for a lien upon the land to be created by a deed of trust.

This cause came from Ohio county. The bill was filed at February rules, 1868, by Pratt & Fox. It alleged that the plaintiffs had obtained a judgment against Sherrard Clemens for 2,360 dollars and 75 cents, in the circuit court of Ohio county, on the 29th day of May, 1867, and that a writ of *fieri facias*, issued thereon, had been returned "no property." That the judgment had been placed on the judgment lien docket on the 14th day of November, 1867. That one John H. Hobbs and the Merchants' National Bank of Wheeling claimed to have a lien on certain lands owned by defendant Clemens, in Ohio county, by virtue of a certain deed of trust, a copy of which was filed as an exhibit. The supposed deed of trust was executed by Clemens and wife, to S. Brady, on the 10th day of April, 1867, to secure to Hobbs and the bank the sum of 4,500 dollars.

*This cause was argued at the July term, 1870. Judge Moore was not then upon the bench.

It was signed as follows: "Witness the following signatures and seals.    SHERRARD CLEMENS.
BETTIE CLEMENS;"
but no seals were appended to the signatures. It was admitted to record on the 6th of May following. The defendant Hobbs answered, claiming the benefit of the lien of the trust deed, and also that the omission to append the seals of the parties was not fatal to its validity in equity.

Clemens answered alleging that, through inadvertance he omitted to make the scrolls or seals, and that the deed was intended to be a valid lien for a just debt.

Several other judgment creditors, including Thomas Hughes and Alonzo Childs were, on their motion, made defendants, and set up the liens of their judgments, all of which were obtained subsequent to the executing and recording of the deed of trust.

At the May term, 1868, of the circuit court of Ohio county, the land was decreed to be sold by the trustee Brady, and the cause was referred to a master to report the priorities of the liens.

The master reported the judgment liens all just, but that the deed of trust was not so executed as to make it valid against the judgment creditors.

The court, on the 31st of January, 1870, sustained the deed of trust and postponed the payment of the judgment creditors to the lien of the trust deed.

Hughes and Childs appealed to this court.

Hon. T. Melvin, judge of the circuit court of Ohio county, presided on the hearing of the cause,

*Peck* for the appellants,

April 10th, 1867, Sherrard Clemens and wife, the owners of real estate, executed to S. Brady a deed of trust to secure John H. Hobbs and the Merchants' National Bank in the sum of 4,500 dollars, with interest from November 2d, 1867. The trust deed is in due form, except that whilst in the body

is found, "Witness the following signatures and seals," by an omission and oversight no seals were attached, of any kind. It was duly acknowledged, April 26th, 1867, and admitted to record in Ohio county, May 6th, 1867.

May term, 1867, commencing May 7th, one day after the record of the trust deed, Pratt & Fox recovered a judgment against Sherrard Clemens for 2,360 dollars and 75 cents, with interest and costs, which is a lien from May 7th, 1867. Several other judgments were *subsequently* obtained against Clemens, which are also liens upon the land subordinate to that of Pratt & Fox. The question is, did the deed of trust (without seals) create a lien, legal or equitable, upon the land, and if so, has it in equity priority over the judgments?

A reference was made to Hannibal Forbes, as master, to report the liens. Report filed September 5th, 1868, that the deed of trust, by reason of the omission to annex seals, created no *lien* upon the land.

Clemens in his answer insists that the omission to annex a scroll was an accident, supposing the deed to be a printed blank and had the ordinary printed seals, and claims that the trust deed was and is a lien, and preferable to that of the judgments. So claim Hobbs and the bank.

In Virginia a valid conveyance of land can only be made by an instrument under seal. Must in the instrument itself declare he sets his seal thereto. *Cromwell* v. *Tate,* 7 Leigh, 301. But if a scroll is attached, and is duly *acknowledged* as a deed, it is sufficient, although in the body it is not stated that a seal is attached. *Ashwell* v. *Ayres,* 4 Gratt., 283.

As to the similarity in the law as to deeds of trust and mortgages, see 2 Washburn on N. P., page 80, note 2; 11 Amer. Law Reg., 641, 658.

The accidental omission of a seal to a mortgage, though not a *legal* mortgage, yet is a valid *equitable* mortgage, which will be enforced as a lien in equity. 2 Wash. N. P., 58, 59; *Woods* v. *Wallace,* 22 Penn. State Rep., 171. Although in Pennsylvania mortgages are not liens until recorded. 2 Wash. N. P.; 138; Purdon's Dig., 324.

An accidental omission of a seal to a deed of conveyance, is good so as to bind the lands conveyed in the hands of the grantor and his heirs. It is good, also, against a subsequent purchaser with notice of such prior defective conveyance, which passed all the right and interest of the grantor in *equity.* The admission to record of such deed, is notice. *Wadsworth* v. *Wendell,* 5 Johns. C. R., 224.

There is no difficulty in equity in establishing a lien on either real or personal estate, wherever that is a matter of agreement, at least against the party himself, and third persons, who are volunteers, or have notice. For it is a general principle in equity, that as against the party himself, and any claiming under him voluntarily, or with notice, such an agreement raises a trust. 2 Story's Eq., §§ 1231, 1232; *Eaton* v. *Green,* 22 Pick., 526; *Williams* v. *Price,* 507, 528; *Ott's Executor* v. *King,* 8 Gratt., 228.

In Ohio, two witnesses are required to all legal conveyances or mortgages of real estate. Where a deed of trust mortgage, had but one witness: *Held* to be a good *equitable* claim, *at least. Coe* v. *C. P. and I. R. R. Co.,* 10 Ohio State Rep., 374, 404.

It was at least a contract which a court of equity would have directed to be perfected, and is entitled to priority over a judgment *pendente lite* at least. *Ibid.,* p. 404.

In the case of *Ott's Ex'or* v. *King,* 8 Gratt., 228, the court decides that a contract in writing, signed by the owner of land, to give a deed of trust on land to secure two bonds for 500 dollars each, constituted an equitable lien on the property for the amount of the two bonds, which lien a court of equity would enforce, not only against the owner and his heirs, but as against creditors claiming under a general assignment by deed.

A judgment creditor is not a purchaser, nor entitled to the privileges of that position. *Tousley* v. *Tousley,* 5 Ohio State Reports, 78; 2 Story's Equity, sec. 1228, 1503, *b;* 2 Washburn, 84, (margin 503).

Upon general principles, (unless otherwise declared by

statute), it is very clear that a judgment creditor (where judgments are made liens by statute and levy), acquires a lien only upon the interests of his debtor, and is bound to yield to every claim that could be successfully asserted against him. *Tousley* v. *Tousley,* 5 Ohio St. Rep., p. 87; 2 Story's Equity, § 1503, *b.*, and note 2, and sec. 1502.

In general, where the specific execution of a contract respecting lands will be decreed between the parties, it will be decreed between all persons claiming under them in privity of estates, or of representation, or of title, unless controlling equities are interposed. If a person purchases lands, with knowledge of a prior contract to convey them, he is affected by all the equities which affected the lands in the hands of the vendor. 2 Story's Eq., §§ 788, 790.

The judgment creditors have lost nothing; they paid nothing for their lien. A purchaser without notice is protected, because he has parted with his money in good faith. If he has not paid his money before notice of the equity, he is not protected, and where he has paid a part before notice, he is protected *pro tanto* only. 2 Story's Equity, sec. 1502; *Frost* v. *Beekman,* 1 Johns. Chy. Rep., 300; *Daswell* v. *Buchanan's Executor,* 3 Leigh, 365.

"A lien is not a property in the thing itself, nor does it constitute a right of action for the thing. It more properly constitutes a charge upon the thing." 2 Story, sec. 1215.

It is but an equity, "and between equities, the established rule is, that he who has the prior equity in point of time, is entitled to the like priority in point of right." 2 Story's Eq., sec. 1502; *Ankatel and wife* v. *Converse et al.,* 17 Ohio State Rep., 11.

But whatever doubt might otherwise arise, there can be none under the Code of Virginia which authorizes the acknowledgement and admission to record of *written instruments* regarding real estate, whether sealed or unsealed; and protects all alike as against creditors and purchasers from the time it is admitted to record. See Code, 566.

By sec. 4, "Any *contract in writing,* made in respect to real

estate, or goods and chattels, in consideration of marriage, or made for the conveyance or sale of real estate, &c., shall, from the time it is duly admitted to record, be as against creditors and purchasers, as valid as if *the contract was a deed* conveying the estate or interest embraced in the contract."

By sec. 5, "Every such *contract*, every deed, &c., or deed of trust or mortgage, &c., shall be void as to creditors and subsequent purchasers without notice, until and except from the time that it is duly admitted to record." *Wadsworth* v. *Wendell*, 5 Johns. Chy, 224; *Martin* v. *Seamore*, 1 Ch. Cas., 170; *Morse* v. *Faulkner*, 1 Anstruther's Rep., 14.

"A deed which is intended to convey the legal estate, but which is so imperfectly executed as to fail of effecting that object, is deprived of the character of a conveyance, but may he treated as an agreement to convey, and a resort may be had to chancery for the purpose of enforcing it, and compelling a specific performance; or a bill may be filed for the purpose of rectifying the mistake, when the original deed as reformed will take the place of the conveyance which would otherwise be decreed by the court." *Carr* v. *Williams et al.*, 10 Ohio Reports, 309; *Barr* v. *Hatch et al.*, 3 Ohio Reports, 529. And this equity is superior to that of judgment creditors, and a court of equity will. compel the judgment creditor, if he obtain the legal title under his judgment, (by purchase at sheriff's sale), to convey to the purchaser, by such defective deed. *Barr* v. *Hatch*, 3 Ohio Reports, 538; *Bank of Muskingum* v. *Carpenter's adm'r*, 7 O. Rep., part 1, p. 68 and 69; *Patterson* v. *Johnson*, 7 O. R., 225.

The rule which protects *bona fide* purchasers without notice, is applicable only to such as have acquired the *legal title*. *Anketel and wife* v. *Converse*, 17 O. S. R., 20.

The case of *White* v. *Denman*, 16 O. R., 59, is directly in conflict with the case above in 7 O. R., 68 and 69, and 3 O. R., 538, and inconsistent with the more recent cases above cited, and is of doubtful authority; but if it is, it was decided under the peculiar language of the Ohio statute, de-

claring that a mortgage shall not be a lien until recorded, and the record of an equitable or defective mortgage was not authorized by law.

The most that can be claimed is, that it is still an open question in Ohio.

*Jeffers* for the appellees.

Equity will compel a party to execute an instrument in a legal and proper manner, previously made, whether in writing or as parol. *Hunt* v. *Rousmaniers*, 1 Peters, 12–13. A mistake, whether of law or fact, will be corrected by a court of equity, even against creditors. *Alexander & Co.* v. *Newton*, 2 Gratt., 266.

A defective conveyance is good so as to bind the lands conveyed, as to the grantor and heirs. It is good, also, against a subsequent purchaser with notice of such prior defective conveyance. *Wadsworth* v. *Wendell, et al*, 5 Johns. Chy., 224. Equity will compel the affixing of a seal or scroll. *Monkville* v. *Haughton*, 7 Con., 543.

If a deed be defective in a statute requisite, chancery will supply the defect not only against the grantor, but against a subsequent purchaser with notice. *Watson* v. *Wells*, 5 Con., 468.

Equity will supply any defect or mistake. 1 Story's Equity Jur., section 166. This relief will be granted between original parties and their privies. 1 Story's Equity Jur., 165.

The mistake will be rectified against subsequent judgment creditors. *Wall* v. *Arrington*, 13 Georgia, 88; same principle, *Stone* v. *Hall*, 17 Alabama, 557, 564; 2 Lomax's Digest, 487; *Barr* v. *Hatch*, 3 Ohio Rep., 527; *Morris* v. *Way et al*, 16 Ohio Reports, 469, 478; *Withers* v. *Carter*, 4 Gratt., 407.

A mortgage deed, defectively registered, is a good equitable mortgage, and the lien of the mortgage is superior to that of a subsequent judgment. 7 Ham., 21. The mortgagee is a purchaser. *Idem* 70. So far as notice of

this deed of trust may be required to judgment creditors. Code Va., 566, § 4.

Clerk to admit to record any writing signed by the party. Code of Virginia, 569, secs. 1, 2; 2 Lomax's Digest., 492, Construction of statute. 2 Gratt., 302–3–4, 312, *Suiter, Price & Co.* v. *McClanashan et al.*

Courts of equity will correct mistakes between original parties and their privies. *Simmons et al.* v. *North*, 3 Smedes & Marshall, 70. In *White* v. *Wilson*, 6 Blackf., 448; where a mortgage to indemnify a surety, by mistake did not include one tract of land intended by the parties to be embraced therein, judgment creditors of the mortgagor recovered against him. The security paid the debts on which he was liable, against which the whole amount of the land intended to be included in the mortgage was not sufficient to indemnify him. The mortgagor and debtor were insolvent. Held that equity would correct the mistake in the mortgage, and give the mortgagee priority to the judgment liens on the lands so omitted by mistake.

The objection to the form or description of the debt, 3d exception, taken too late. Code West Va., 614.

A mortgage intended to secure a certain debt, is valid in equity for that purpose, whatever form the debt may assume, if it can be traced. *Patterson* v. *Johnson*, 7 Ham., 225; *McCall, Smiles & Co.* v. *Harrison*, 1 Brock, 126.

In *Argenbright* v. *Campbell*, 3 H. & M. 144; a mistake in writing may, in a court of equity, be corrected by the writing referred to. *Els* v. *Tousey*, 1 Paige, 280.

If a purchaser under a judgment has notice of an equitable title at any time before his purchase, and the actual payment of the money at the sheriff's sale, he cannot protect himself as *bona fide* purchaser. A penal bond, the condition only being filled up and the residue left in blank, which was executed and delivered, was perfected and sent up; it appearing that a perfect bond was intended by the parties. 2 Hill's Ch., (S. C. Rep.,) 6; *Ott* v. *King*, 8 Gratt., 228; 2 Story's Eq. Jur., § 1231.

Hobbs, in answer, insists that this court, as a court of chancery, will make that good and effectual, which equity and good conscience requires, by supplying the accidental omission.

MAXWELL, J.  The only question for consideration is whether or not the paper executed by Sherrard Clemens and wife, on the 10th day of April, 1867, purporting to be a deed of trust, creates a lien on the tract of land therein named, prior to the liens created by the judgments of the appellants Alonzo Child and Thomas Hughes.  The paper purporting to be a deed of trust is not such because it has no seals.  It is contended, however, that although it is not a deed of trust so as to create a legal lien, it is, nevertheless, a contract for a deed of trust, and creates an equitable lien, under the 4th Sec. of Ch. 118 of the Code of Va., in force when the paper was executed.  This section provides that any contract in writing, made for the conveyance or sale of real estate shall be as against creditors and purchasers, as valid as if the contract was a deed conveying the estate or interest embraced in the contract.  I do not think that this paper comes within the meaning of the terms used in the statute of a contract for the sale or conveyance of real estate.  While it might be technically a contract for a conveyance of the land, it is, in substance, nothing more than a contract for a lien upon the land to be created by deed of trust.  The judgment creditors, Child and Hughes, have equal equities with the parties seeking to set up the deed of trust, and have the advantage over them at law.  It is, therefore, not a proper case for a court of equity to interfere to set up the deed of trust against the judgment creditors.  Not one of the numerous cases cited is inconsistent with this view of the case, while the case of *White* v. *Denmen and others*, 16 Ohio Rep., 59, fully sustains it.

The decree complained of will have to be reversed, with costs to the appellants, and a decree entered here that special commissioner Brady proceed to sell the land under the

decree made in the cause on the 23d day of May, 1868, upon the terms therein set forth; and that of the proceeds of such sale, after paying costs of suit and expenses of sale, he pay the judgments against Sherrard Clemens according to their priorities as reported in the report of commissioner Forbes.

BERKSHIRE, J., concurred.

DECREE REVERSED.