# WHEELING.

## ADAMS v. MEDSKER.

Submitted June 9, 1884—Decided November 22, 1884.

| 25 | 127 |
| 34 | 573 |
| 25 | 127 |
| 39 | 570 |
| 25 | 127 |
| 41 | 150 |
| 25 | 127 |
| 45 | 228 |
| 25 | 127 |
| e49 | 393 |
| 25 | 127 |
| f66 | 259 |

1. A deed, in which some of the persons named therein as grantors, and which is acknowledged by them as such, but is not signed by them, HELD:

Not to be the deed of those not signing it. (p. 130.)

2. A deed, in which a number of persons are named as grantors, and which is signed and acknowledged as their deed by others not mentioned in it, HELD:

Not to be the deed of those not named therein. (p. 130.)

3. A deed conveying land lying in this State, in which it is recited that the grantors are " of the county of Fayette in the State of Pennsylvania," with a certificate of two justices of its acknowledgment before them endorsed thereon headed, " Fayette county, ss. ;" and also accompanied by a certificate under the seal of the court of common pleas of Fayette county, State of Pennsylvania,

that the said two justices were at the time of said acknowledgment of Fayette county, in the State of Pennsylvania, was properly admitted to record in this State upon said certificates, it sufficiently appearing therefrom that the "Fayette county" mentioned was of the State of Pennsylvania. (p. 131.)

4. A reference by the certificate of acknowledgment to the deed, as "the within indenture" in such case, is sufficient to identify it as the deed which was acknowledged, without giving the date of the deed, and stating that it was signed by the grantor when the deed shows that it was in fact so signed. (p. 131.)

The facts of the case are stated in the opinion of the Court.

*G. D. Camden* for appellant

*J. E. McKennan* for appellee.

SNYDER, JUDGE:

Suit in equity brought July 6, 1876 in the circuit court of Harrison county by George Adams and other judgment creditors of O. L. Medsker against said Medsker, his wife and others, to subject to the payment of their judgments a tract of 251 acres of land lying in said county. The said land originally belonged to the estate of Philip Lyons who died intestate in the State of Pennsylvania in 1845, leaving six children as his heirs at law, one of whom is the appellant. The said Medsker and wife were living on said land when said Philip Lyons died and they have continued to reside thereon ever since. The judgment of the plaintiffs and others, aggregating over $5,000.00, were recovered in September, 1866, and some, or, perhaps, all of them were entered on the judgment lien docket of said county in January, 1867.

By a written agreement, dated June 13, 1847, the other heirs of Philip Lyons, in consideration of $2,000.00, sold and agreed to convey to the appellant, Mary Medsker, said land on or before April 1, 1849. The consideration for said land was afterward paid out of the share of said Mary in her father's estate. This agreement was never recorded. Subsequently by deed dated March 20, 1854, in which all the said heirs, their wives and husbands other than said Mary, except Morgan Lyons and his wife, are named as grantors, the said heirs so

named conveyed said land with covenant of general warranty to O. L. Medsker, the husband of said Mary. This deed was signed and sealed by all said heirs including said Morgan Lyons and his wife, except the said Mary Medsker and Thomas Campbell and his wife, and was on May 26, 1855, duly acknowledged by Elizabeth Herzog, one of said heirs and her husband, and as to the others the certificate of acknowledgment endorsed thereon is as follows:

"FAYETTE COUNTY, ss:

The 20th day of March, A. D. 1854, before the subscribers, two of the justices of the peace in and for said county, personally appeared the within named William Lyons and Agnes, his wife, Thomas Campbell and Nancy, his wife, John A. Lyons and Margaret, his wife, and Samuel Lyons, and in due form of law acknowledged the within indenture to be their act and deed and desired the same might be recorded as such and the said Agnes, Nancy and Margaret being of full age, and separate and apart from their said husbands, being personally examined and the full contents of the within deed being by us first made known unto them, and thereupon declared and say that they did voluntarily and of their own free will and accord, sign seal and as their act and deed deliver the within deed, indenture or conveyance, without any coercion or compulsion of their said husbands."

A similar cerficate of the acknowledgment of the deed by Morgan Lyons and wife is endorsed thereon. The authority of the justices to take these acknowledgments, is duly certified under the seal of the court of common pleas of Fayette county, Pennsylvania, and the deed was admitted to record August 31, 1856 in Harrison county.,

After the plaintiff's judgment had been recovered and docketed, the said O. L. Medsker, by deed dated November 25, 1867, and promptly recorded, conveyed all his interest in the said land to his wife, the said Mary, and his two daughters.

In May, 1877, the said Mary exhibited her bill in said court against her husband, the heirs of her father, the plaintiffs in the original suit and others for the purpose of having a specific execution of the aforesaid agreement of June 13, 1847, and to compel the other heirs to convey to her the legal title of said land according to said agreement and also

to require her husband to release to her any title he may have acquired by said deed of March 20, 1854, to her.

The two causes were heard together and the court decided that the said deed of March 20, 1854 to O. L. Medsker conveyed to him only the one-sixth interest of Elizabeth Herzog in said land, and that said one-sixth and the life estate of said Medsker in the one-sixth which descended to his wife were liable for the plaintiff's judgment, but that the said deed did not vest the title to the other four-sixths in said O. L. Medsker, and his wife was, therefore, entitled to a conveyance therefor from the heirs of her father. The court, thereupon, decreed that said one-sixth conveyed by Herzog and wife and the life-estate of her husband in the one-sixth descended to the said. Mary Medsker, should be sold to satisfy the plaintiff's judgment. A sale thereof was made and confirmed and the said Mary Medsker brought this appeal.

The appellant insists that the court erred in holding that her husband had any interest in said 251 acres of land which could be subjected to the judgments against him; while on the other side, the appellees, the judgment creditors, contend that the court erred in holding that the two-sixths only were liable for the satisfaction of their judgments. It seems to me, then, that the real question to be decided, and the only one is, what portion, if any, of said land is liable to said judgments? And the answer to this depends very much, if not entirely, upon the effect of the aforesaid deed of March 20, 1854, from the heirs of Philip Lyons to O. L. Medsker. For, I cannot doubt, whatever interest was vested by said deed in said Medsker, together with the interest he held as tenant by the courtesy in the share of his wife, was clearly liable for the payment of said judgments.

The said deed has hereinbefore been fully described, and the certificate of acknowledgment, claimed to be defective and insufficient, is given at large. I have no hesitation in deciding that said deed did not convey the interest of Morgan Lyons. While he signed and acknowledged it as his deed, he is nowhere mentioned in it or made a party to it. Neither his signature to, or acknowledgment of it state or indicate whether he so signed and acknowledged it as grantor or grantee. But if this were otherwise, and it appeared that he

intended to be a grantor, it could not be held to be his deed. It is elementary law that every deed must have a grantor as well as a grantee. No one who is not a party to the deed can be bound by it or by its covenants. And no one can be a party who is not mentioned or referred to therein. The mere signing and acknowledging it, when there are grantors named in it, is insufficient to make the person so signing it a party to it, even though it appeared by extrinsic evidence that he intended thereby to make it his deed.

The said deed is equally bad as to Thomas Campbell and Nancy his wife—the latter being one of the children and heirs of Philip Lyons, deceased—because it is not signed by either of them. They are named as grantors in the deed, but to make it their deed it must not only have been signed but sealed by them. *Cromwell* v. *Tate*, 7 Leigh 301; *Pratt* v. *Clemens*, 4 W. Va. 443.

The acknowledgment of the deed is plainly insufficient for the relinquishment of the contingent dower rights of Agnes and Margaret Lyons, they being, as the certificate shows, married women. *Watson* v. *Michael*, 21 W. Va. 568.

But it seems to me, there ought to be no question about the sufficiency of the acknowledgment as to the two heirs, William and John A. Lyons. The certificate does not show on its face the State, but the deed shows that the parties resided in the State of Pennsylvania, and the certificate accompanying it, under the seal of the court of common pleas of Fayette county, states that the justices who took the acknowledgment were then justices of Fayette county, in the State of Pennsylvania. This is sufficient to show that the Fayette county mentioned in the certificate is in the State of Pennsylvania. The appellant objects that it does not state that the parties signed the deed nor give the date of the deed. It is sufficient that the deed shows that these parties signed it. The usual form gives the date of the deed, but that is only done to identify it, and this certificate identifies it as "the within indenture," which refers to and identifies the deed as fully as if its date had been given. I think, therefore, said deed was duly acknowledged by the said William and John A. Lyons, and that it vested in the said O. L. Medsker their two-sixths of the said 251 acres of land, and

that the circuit court erred in not holding said two-sixths liable to sale for the plaintiff's judgments against said Medsker as well as the one-sixth acquired from Herzog and wife and his life estate in the one-sixth of his wife.

The doctrine of the wife's right to an equitable settlement does not arise in this cause. She is entitled to such settlement only in cases where the husband or his creditors are seeking in equity to recover or subject the wife's property not in the possession of the husband but which he is entitled to *jure mariti.* In such cases courts of equity will grant relief only upon condition that such settlement is made of a reasonable portion of such property. 1 Bart. Ch. Pr. 9; *Browning* v. *Headly,* 2 Rob. R. 371.

The appellees claim that according to the decision of this court in *Cooey* v. *Porter,* 22 W. Va. 120, the adverse possession of the land by the husband under the deed of March 20, 1854, to him, would give him title to the whole of it including the interests of those of the heirs who were married women during the whole time. In that case the adverse possession commenced more than twenty years before the suit was brought, and continued up to that time, but in this case the husband, on November 25, 1867, conveyed the land by deed of that date to his wife. After that time his possession ceased to be adverse. He was then holding adversely only from March 20, 1854, to November 25, 1867, which was less than fourteen years and, therefore, the doctrine of the case of *Cooey* v. *Porter* has no application here.

The decree of the circuit court must, therefore, be affirmed as to the sale of the one-sixth of the said 251 acres of land in fee and the life estate of O. L. Medsker in one-sixth which descended to his wife; and so far as s aid decrees deny the right of the appellees, the plaintiffs below, and other judgment creditors, to subject to the payment of their judgments the two-sixths of said land conveyed by William and John A. Lyons to O. L. Medsker they must be reversed with costs to said appellees, they being the parties substantially prevailing. And this case is remanded to the said circuit court for further proceedings according to the principles hereinbefore announced.

REVERSED IN PART.   REMANDED.