# CHARLESTOWN.

ATKINSON v. MILLER.

*(LUCAS JUDGE, absent)

Submitted June 21, 1890.—Decided September 12, 1890.

1. DEED OF TRUST—SEAL—MORTGAGE—PURCHASER.

A paper made for a deed of trust conveying land to secure a debt, signed by the grantor but without a seal, though not effectual as a deed of trust at law, is an equitable mortgage enforceable in equity, and may be recorded under c. 74, s. 4 Code 1868, and when recorded is a lien valid against subsequent purchasers and creditors.

*Counsel below

2. DEED OF TRUST—SEAL.

> The syllabus in *Pratt* v. *Clemens*, 4 W. Va. 443, and point 2 of the syllabus in *Shattuck* v. *Knight*, 25 W. Va. 590, disapproved.

*J. Trapnell* for appellants cited :

4 W. Va. 481; 25 W. Va. 590–601; 4 Am. Lead. Cas. 525; 9 S. W. Rep. 926; 57 Fed. Rep. 767; 17 W. Va. 276; 21 W. Va. 516;

*G. Baylor* for appellee cited :

17 W. Va. 300; 21 W. Va. 516, 520, 521; 31 Cal. 321; 5 Gill 139; 48 Md. 207; 12 W. Va. 541; 5 Johns. Ch'y 226; Code c. 74 ss. 4, 5; 16 W. Va. 794; 8 W. Va. 409; 13 Gratt. 427; 15 Gratt. 153; 28 Gratt. 407; 30 Gratt. 665; 31 Gratt. 304; 4 Leigh 34; Code c. 71, s. 1; 10 Gratt. 513; 11 W. Va. 220; 5 Munf. 314; 25 W. Va. 108; 26 W. Va. 49; Id. 710.

BRANNON, JUDGE :

This suit in equity was brought in the Circuit Court of Jefferson county by George W. and Fannie B. Atkinson for themselves and all other lien-creditors of Robert M. Miller against said Miller, to enforce the liens of a judgment in favor of George W. Atkinson and a judgment in favor of Fannie B. Atkinson against Miller, both rendered November 30, 1888, by a sale of his real estate for the payment of said judgment and other liens mentioned in the bill. Upon a reference to a commissioner to convene all lienors and ascertain their liens, a report was made ascertaining certain liens upon Miller's land, among them said Atkinson judgments, and denying any place as a lien to a debt of James Logie claimed by him before said commissioner under a writing purporting to be a deed of trust executed by Miller to Robert M. Duke, trustee, to secure said Logie's debt, dated September 20, 1867, and recorded October 16, 1867, because of the absence of a seal to said writing. Logie excepted to the report, because it failed to report said debt as a first lien on the real estate specified in said deed of trust. The court sustained Logie's exception, and in its decree made Logie's debt a first lien, and thus gave it priority over the Atkinson judgments as to said land embraced in said

trust; and said Atkinsons have taken this appeal. It thus involves a contest between Atkinson's judgment, and the Logie debt.

This case presents the question whether a writing purporting to be a deed of trust, formal in all respects save the want of a seal, creates a lien on the land mentioned in it. Suppose a deed for a fee were executed without a seal. It would not pass the legal estate; for our statute provides that no estate in land, greater than a term of five years, shall pass except by deed or will. Code 1887, c. 71, s. 1. But a court of equity would not allow the intent of the parties, as manifested by the writing, to be wholly defeated by the omission of a seal, but would treat the instrument as a contract or agreement to convey, or a memorandum of such an agreement; and properly so, for he who executes an instrument using proper words of actual present conveyance, but which, for want of a seal, fails to do what the words were meant to do, as fully discloses a willingness and intent to convey, as if he executed an executory contract covenanting to convey in future. Accordingly, defective deeds signed by the parties, purporting to convey the legal title, but because of some defect not doing so, are treated in equity as agreements to convey; and specific execution of them will be decreed by providing for the execution of a formal and effectual conveyance. 1 Hill. Vend. 118; Opinion in *White v. Denman*, in extract given below. Opinions in *Goodson* v. *Beacham* 24 Ga. 154; *Mc Williams* v. *Nisley*, 2 Serg. & R. 515; *Chew* v. *Barnett*, 11 Serg. & R. 391.

If such is the law as to a defective deed purporting to convey in fee, why is not an instrument purporting to be a deed conveying in trust on like principles to be deemed a contract for a conveyance—that is for a conveyance in trust for a debt? The only difference is that the one is a conveyance absolutely, the other in trust to secure a debt. I suppose an instrument conveying to A., to be held in trust for B., could, if defective and not operating to convey the legal estate, be treated as evidence of an agreement to convey, which would be specifically executed. The only difference between the instruments is that one is in trust for the purpose of paying

a debt, the other in trust for another purpose. In other words, in all these cases the defective instrument is treated as written evidence of the fact that the party did make an oral agreement to convey, and that is just what the statute requires—written evidence of the fact that a contract to convey was made. It is a formal memorandum of the agreement under the statute. In the face of such an instrument it could not be said there was no contract to convey. Our statute (Code, c. 74, s. 4) provides that a contract "made for the conveyance of real estate" may be recorded and be effectual as a deed conveying the estate as to creditors and purchasers. An instrument made for a deed of trust being, as I hold, for reasons just stated, evidence of a contract to convey, it may be recorded under this statute, because it is in the view of a court of equity a contract for the conveyance of real estate in trust for payment of a debt. The defective deed of trust involved in this cause was duly recorded before the date of appellants' judgments, and has the force of a recorded contract to execute a deed of trust, and is, therefore, a lien on the land to which it relates.

An executory agreement in writing, stipulating for the execution in future of a mortgage or deed of trust, is of common occurrance, and is valid, and will be specifically enforced in equity, or what is the same thing, treated as an equitable mortgage. *Ott* v. *King*, 8 Gratt. 224 ; *Alexander* v. *Newton*, 2 Gratt. 266 ; 1 Jones, Mortg. § 163. And I think it may and must be recorded to affect creditors and purchasers for value without notice. The conclusion we have reached, that a deed of trust having no seal may be treated as a contract for the conveyance of real estate, and recorded as such under our statute and thus create a lien as to creditors and purchasers, is in conflict with the case of *Pratt* v. *Clemens*, 4 W. Va. 443, which holds that a deed of trust unsealed does not create a lien on land, and can not be recorded. In that case it is said : "While it might be technically a contract for the conveyance of the land, it is in substance nothing more than a contract for a lien on land to be created by a deed of trust." This admits that it is a contract for a conveyance

of the land; and this admission carries with it the conclusion, that it may be recorded under our statute, and its force is not weakened by the proposition that "it is, in substance, nothing more than a contract for a lien on the land, to be created by a deed of trust;" for a deed of trust is to all intents a conveyance of the land, though it be but to secure a debt; for it conveys the legal title. The conclusion, that, because it is in substance nothing more than a contract for a lien upon the land to be created by a deed of trust, it is not a recordable paper, does not follow from the premise. It is a *non sequitur*. According to the theory of that case, could an executory agreement to execute in future a deed of trust or mortgage for a debt be recorded? I suppose not. But will it be said that such an agreement is valid as to creditors and purchasers unless recorded? I think not, because it would be deemed a contract for the conveyance of land, and therefore required to be recorded; but, if the statute does not require its recordation, it would not be void as to creditors, though it might be as to purchasers without notice. For a like reason a defective deed may be treated as a contract for conveyance, and recorded with effect.

In my opinion, the statute allows the recordation of any writing evidencing any contract between parties respecting real estate, so operating as that it may affect subsequent purchasers and creditors. This construction and application of the statute better accomplishes the purpose aimed at by it, requiring the registry of all instruments, and protecting all parties. It was designed for their benefit, and should receive such a construction as to subserve that design. This construction sustains liens which the parties intended to create. As we apply the statute, it better attains the ends of justice than that given to it in the case of *Pratt* v. *Clemens*, for it upholds, instead of defeating, a lien under the instrument, according to the unquestionable intention of the parties, and thus carries out that intention, instead of nullifying it. Its application in this case comes within the letter, and within the spirit, of the statute.

The case of *Pratt* v. *Clemens*, was applied as law in the

opinion on page 437, of 7 W. Va., in the case· of *Dickinson*
v. *Railroad Co.,* but no discussion of its principles was made;
and, though under it an instrument was held to create no
lien, no point in the syllabus was based on it. And in the
case of *Shattuck* v. *Knight,* 25 W. Va. 590, it is incorporated
as law in the syllabus, but is simply referred to without
any investigation of its principles. In this case, this doc-
trine is challenged, and we are reluctantly led to a disap-
proval of it, by a decided conviction of its unsoundness,
and its practical result to the injury of lienors. The
decision in *Pratt* v. *Clemens, supra,* was based in the opinion
on the case of *White* v. *Denman,* 16 Ohio, 59, holding that
"an instrument, executed as a mortgage, with but one sub-
scribing witness, can not be so reformed in equity as to de-
feat a subsequent judgment-lien." The case of *Alexander*
v. *Newton,* 2 Gratt. 266, is contrary to this, holding that "a
mistake of the scrivener in drawing a deed, whether of law
or fact, will be corrected by a court of equity, even against
*bona fide* creditors of the grantor." In fact, I do not think
the case of *White* v. *Denman* was relevant to the question
involved in *Pratt* v. *Clemens,* because that question was
whether a deed of trust unsealed could be recorded under
our statute, whereas *White* v. *Denman,* if on any statute,
was an Ohio statute, and, I think, was solely decided on the
general principle that an equitable mortgage is subordinate
to subsequent judgments, a doctrine peculiar to Ohio, and
not law elsewhere, and, moreover, the principle of that case
was disapproved in the later case, decided by the Supreme
Court of Ohio, of *White* v. *Denman,* 1 Ohio St. 111; and
thus, so far as *Pratt* v. *Clemens* rests on the case in 16 Ohio,
its foundation has fallen.

Let us now advert to another view of the effect of said
deed of trust. Suppose that it is not a recordable paper un-
der the statute; then the statute does not avoid it for want
of recordation, for, of course, the statute avoids only such
writings as it requires to be recorded. Therefore, it is to
be governed by the law, regardless of the statute. What
character does it assume in this view? Certainly that of
an equitable mortgage, under very many authorities.
"Wherever it appears, by writing signed by the party to be

charged, that, for a valuable consideration, such as an existing debt, a debt at that time first contracted, or otherwise, he intends to charge his property as security for money, whatever the form of the instrument, the court of equity will fully effectuate the intention of the parties concerned. Hence mere promises, powers of attorney, deeds imperfectly executed, and other written papers have been held to create equitable mortgages in the contemplation of courts of equity. *College* v. *Powell,* 12 Gratt. 387; *Ruffners* v. *Putney,* Id. 551; *Russel* v. *Russel,* 1 White & T. Lead. Cas. Eq. 674." 2 Minor, Inst. 297.

"A mortgage or trust-deed which can not be enforced by a sale under the power or by judgment of foreclosure, on account of some informality requisite to a complete mortgage or deed of trust, will nevertheless be regarded as an equitable mortgage, and the lien will be enforced by special proceedings in equity. The attempt to create a security in legal form, upon specific property, having failed, effect is given to the intention of the parties, and the lien enforced as an equitable mortgage." 1 Jones, Mortg. § 168.

In *Wayt* v. *Carwithen,* 21 W. Va. 516, it is held, that any deed or written contract used by the parties for pledging real property as security for a debt, which is informal and insufficient as a common-law mortgage, but which shows, that the parties intended that it should operate as a lien or charge on the property, will be an equitable mortgage and enforced in equity. See also, *Knott* v. *Manufacturing Co.,* 30 W. Va. 790 (5 S. E. Rep. 266); *Fidelity etc. Co.* v. *Shenandoah R. Co.,* 33 W. Va. 761 (11 S. E. Rep. 58.)

This instrument being an equitable mortgage, and (let us suppose) not a recordable writing, and therefore not declared void as to creditors and purchasers by it, when tested by the general law regardless of the statute, what would be its *status?* It would be valid against creditors, though perhaps void as to subsequent purchasers for valuable consideration without notice.

In the opinion in *White* v. *Denman,* 1 Ohio St. 112, it is said: "It is a principal of familiar application in equity jurisprudence that a specific equitable interest in real estate, whether it be created by an executory agreement for the

sale and conveyance of land, or by a deed so defectively executed as not to pass the legal estate, but treated in equity as a contract to convey, or even a vendor's lien, is upheld by courts of equity, and uniformly take priority, not only over judgment-liens and assignments in bankruptcy, but also assignments for the benefit of creditors generally."

Judge GREEN, in *Snyder* v. *Martin,* 17 W. Va. 299, shows, by many cases, that judgment-liens yield to prior equitable mortgages and other trusts and equitable estates created by written contract, and on page 301, says: "It may therefore be laid down as a universal rule, established by many cases, that a judgment-lien is always subject to every possible description of equity held by a third party against the debtor at the time the judgment-lien attached, and that it is immaterial whether the rights of such third party consist of an equitable estate or interest in the judgment-debtor's land, an equitable lien on his land, or a mere equity which attaches to or affects his land. Nor is it at all material whether the judgment-debtor has or has not, when he contracted his debt, or obtained his judgment, or docketed the same, notice of such equitable estate, equitable lien, or mere equity. If they be prior in time to the judgment, they will always be preferred to the judgment-lien. The authorities we have cited abundantly sustain this conclusion, and there is no exception to the universal rule, except where such exception is made by statute law."

It follows, therefore, that this defective deed of trust as an equitable mortgage being prior in time to the judgments of the appellants, takes precedence over them, though it might, in this latter view, be subordinate to deeds of trust. And so, whether we view this deed of trust as a contract for a conveyance recordable under the statute, which we hold it to be, or as an equitable mortgage recordable under the statute, or as an equitable mortgage not recordable under the statute, it is to be preferred to the judgments of the appellants, and on both grounds their appeal is not well taken. Therefore, we affirm the decree.

AFFIRMED.