HAROLD W. PARRISH, *et al., etc.*

*and*

LORIN R. CARNELL, *et al., etc.*

*v.*

LUCY PANCAKE

(No. 13500)

Decided June 10, 1975.

*James H. Swadley, Jr., James, Wise, Robinson & Magnuson, Charles C. Wise, Jr., and Joseph Beeson* for appellees.

NEELY, JUSTICE:

This appeal was granted in order to determine whether valid delivery of a deed occurred in a transaction allegedly conveying to the grantee a perpetual right of way across the property of the grantor. The Circuit Court of Mineral County found that, although the delivery of the deed was invalid as a matter of law, there existed an intention on the part of the plaintiff-grantor to convey an easement for life to the defendant-grantee and, therefore, the circuit court reformed the instrument to conform to its findings. As this Court finds that the delivery of the deed was valid and that there were no patent ambiguities in the written instrument which would warrant judicial construction, the judgment of the circuit court is reversed.

On March 12, 1969, one of the appellees, Lorin R. Carnell, conveyed a permanent easement for a right of way

844

to the defendant below and appellant, Lucy Pancake, her heirs and assigns, forever.[1] The easement consisted

[1] "Lorin R. Carnell and
Katherine Carnell

TO                                        RIGHT OF WAY

Lucy Pancake

THIS DEED, Made on this the 12th day of March, 1969, by and between LORIN R. CARNELL and KATHERINE CARNELL, his wife, grantors and parties of the first part, and LUCY PANCAKE, grantee and party of the second part,

WITNESSETH: That, for and in consideration of TEN DOLLARS ($10.00), and other good and valuable considerations, the receipt of all of which is hereby acknowledged, the said parties of the first part do hereby grant, bargain, sell and convey unto the said party of the second part, her heirs and assigns, an Easement of Right of Way fourteen (14) feet wide for all types of travel over certain property owned by the grantors in New Creek District of Mineral County, West Virginia, to be used as a privilege appurtenant to two (2) certain tracts or parcels of land now owned by the grantee, which said tracts or parcels of land are described in a certain deed dated August 5, 1941, from A. J. Pancake and Emma E. Pancake, his wife, to A. J. Pancake, Jr., as recorded in Mineral County Deed Book No. 64, at page 49, the center line of which said Easement of Right of Way is bounded and described as follows:

BEGINNING at a point in the center line of existing road in the property line between Vaughn T. Amtower and Lorin R. Carnell; thence, with the center line survey of a 14.0 foot wide Right of Way over the land of Lorin R. Carnell with metes and bounds as follows: North 70° West 95 Feet; thence, North 86° West 120.0 feet; thence, South 89° West 130.0 feet; thence, North 79° West 200.0 feet; thence, North 75° West 90.0 feet; thence, North 70° West 200.0 feet; thence, North 74° West 200.0 feet; thence, North 77° West 114.0 feet; thence, North 67° West 168.0 feet; thence, North 55° 30' West 753.0 feet; thence, North 49° West 200.0 feet; thence, North 55° West 132.0 feet; thence, North 63° West 158.0 feet; thence, North 49° West 85.0 feet; thence, North 55° 30' West 200.0 feet; thence, North 59° 30' West 102.0 Feet; thence, North 43° West 104.0 feet; thence, North 69° West 126.0 feet; thence, North 53° West 124.0 feet; thence, North 64° West 100.0 feet; thence, North 46° 30' West 125.0 feet; thence, North 60° 30' West 115.0 feet; thence, North 52° West 280.0 feet; thence, North 43° West 73.0 feet; thence, North 59° West 142.0 feet; thence, North 55° West 268.0 feet; thence, North 45° West 247.0 feet; thence, North 56° West 130.0 feet; thence, North 39° West 190.0 feet; thence, North 49° West 352.0 feet; thence, North 38° 30' West 138.0 feet; thence, North 29° West 200.0 feet; thence, North 43° West 96.0 feet; thence, North 60° West 90.0 feet; thence, North 83° 30' West 54.0

of a fourteen foot right of way for all types of travel over certain real estate owned by Lorin R. Carnell in fee simple and located on the west side of U. S. Route 50 in Mineral County, West Virginia. The easement was to be a privilege appurtenant to Lucy Pancake's land to provide a means of entrance and exit to and from her land. The deed contained a description of the right of way by

---

feet; thence, South 79° West 82.0 feet; thence, North 63° West 196.0 feet crossing a small hollow to a point in the property line between Lorin R. Carnell and Lucy Pancake.

TO HAVE AND TO HOLD the above described and conveyed Easement of Right of Way unto the said Lucy Pancake, her heirs and assigns, forever, as a privilege appurtenant to the above described real estate.

WITNESS the following signatures and seals:

_Lorin Carnell /s/_ (SEAL)
Lorin R. Carnell

_____ (SEAL)
Katherine Carnell

STATE OF WEST VIRGINIA,
COUNTY OF MINERAL, to-wit:

I, Donald C. Hott /s/, a Notary Public in and for the County and State aforesaid, do certify that Lorin R. Carnell ~~and Katherine Carnell, his wife,~~ whose name̸ ~~are~~ is signed to the foregoing writing bearing date the 12th day of March, 1969, have this day acknowledged the same before me in my said County and State.

Given under my hand this 7th day of ~~March~~ April, 1969.

Donald C. Hott /s/
Notary Public

My Commission Expires:
7 December 1976.

<u>"DECLARATION OF CONSIDERATION OR VALUE"</u>

The total consideration paid for the property conveyed by the document to which this declaration is appended is $10.00.
Given under my hand this 16th day of ~~March~~ April, 1969.

Lucy Pancake
~~Lorin R. Carnell~~
Lucy Pancake, Grantee

ADDRESS: Keyser, W.Va.

metes and bounds which was prepared by a licensed surveyor. Lorin R. Carnell executed the deed; however, it was not executed by his wife, appellee Katherine L. Carnell, who was named as a grantor in the deed but whose sole interest in the real estate was an inchoate dower interest. It is this failure of execution by Mrs. Carnell upon which the circuit court relied in holding that the delivery of the deed was invalid. The deed in question was acknowledged April 7, 1969, and recorded in the Office of the Clerk of the County Court of Mineral County, West Virginia, on May 2, 1969.

Seven months later appellees Lorin R. Carnell and Katherine L. Carnell, conveyed to appellees Harold W. Parrish and Allene R. Parrish for fifty-five thousand dollars ($55,000) all the real estate which they owned lying on the westerly side of U. S. Route 50 in Mineral County. The land conveyed by the Carnells to the Parrishes was subject to the easement; however, the deed from the Carnells to the Parrishes did not mention the easement nor did it except or reverse the easement from the conveyance. Approximately two years after execution of the deed from the Carnells to the Parrishes, the Carnells and Parrishes together instituted this civil action against Lucy Pancake to have the deed conveying the easement from Lorin Carnell to Lucy Pancake declared void.

In a pretrial order the Circuit Court of Mineral County held that because of the missing signature of Kather-

THIS INSTRUMENT WAS PREPARED BY
DONALD C. HOTT
ROGERS AND HOTT, ATTORNEYS AT LAW
KEYSER, WEST VIRGINIA

- 3 -

STATE OF WEST VIRGINIA, MINERAL COUNTY, TO-WIT:

Be it remembered that on this 2nd day of May, 1969 at 1:15 o'clock p.m., the foregoing Right of Way with the certificate thereto annexed, was presented in the Office of the Clerk of the County Court and admitted to record.

Earl E. Kemp /s/    G.H
Clerk County Court"

ine L. Carnell the deed granting the easement was incomplete on delivery and, therefore, parol evidence concerning its effect and intent would be admissible. The case was referred to a commissioner of the circuit court who found that (1) the consideration for the granting of the easement was a forbearance by Pancake to demand payment for timber which had been inadvertently cut from her land by Carnell; (2) Carnell did intend to grant a right of way to Pancake; (3) there was no evidence of fraud, deceit, or mistake in the transaction; and (4) the recordation of the deed of Pancake five months before the purchase by the Parrishes served as constructive notice of the right of way and, therefore, the Parrishes were bound by the instrument.

The circuit court overruled the commissioner's findings and held that the circumstantial evidence showed no intent on the part of Lorin Carnell to convey a permanent right of way, and further held that the deed has not been validly delivered. The circuit court apparently based its conclusion on testimony by Lorin Carnell that he did not intend for the deed to become effective because he knew that his wife would refuse to sign it. Furthermore, the circuit court relied on evidence that the wife's name was in the granting clause, that a line was provided at the end of the deed for her signature, and that the acknowledgment was originally written to include her as a party to the deed, although Donald C. Hott, Pancake's attorney, struck her name from the acknowledgment clause when he finally signed it as a notary.

I

The correct rule for this Court's evaluation of evidence in a case originally heard by a commissioner is set forth in syllabus point 3 of *Fanti v. Welsh*, 152 W. Va. 233, 161 S.E.2d 501 (1968) which says:

"Where questions of fact are referred to and passed upon by a commissioner, and the findings of the commissioner are overruled and disaffirmed by the circuit court, the appellate court

must determine for itself, from the facts and circumstances disclosed by the record, whether it will sustain the conclusion of the commissioner or that of the circuit court."

The findings of the commissioner in chancery, on questions of fact, should generally be sustained, unless plainly not warranted by any reasonable view of the evidence, *Snyder v. Lane*, 141 W. Va. 195, 89 S.E.2d 607 (1955). In the case at bar this Court finds that the clear weight of the evidence sustains the commissioner's conclusion that there was an intent on the part of Lorin Carnell to convey an easement to Lucy Pancake, and that there was valid consideration in the forbearance by Pancake to collect the fair market value of timber cut by Lorin Carnell from her property. The testimony of Lucy Pancake, Alma Becker, her daughter, Frank Pancake, her brother-in-law, Donald C. Hott, her attorney, and Larry Kitzmiller, a licensed surveyor, sustained the appellant's contention that Lorin Carnell agreed to convey the easement in return for the timber. The weight of the evidence also shows that Lucy Pancake relied upon this agreement and incurred the expense of having the easement surveyed and expended additional monies in purchasing an easement over the property of one Vaughn Amtower in order to connect the easement across the Carnells' land with the public highway, and that Mr. Carnell signed the deed in question knowing that it conveyed the easement to which the parties had agreed. The only evidence supporting the appellees' allegation of non-delivery is Lorin Carnell's testimony that he forgot his glasses the day that he signed the deed and that, consequently, he did not read the instrument and did not intend the deed to become effective because his wife would be unwilling to sign it.

## II

The threshold issue concerns the effect of multiple grantors when less than all sign the deed. To resolve that issue requires reckoning with two confusing and at first blush, apparently contradictory holdings of this Court. In *Adams v. Medsker*, 25 W. Va. 127 (1884) one

Philip Lyons, a resident of the State of Pennsylvania, died intestate owning land in Harrison County, West Virginia. All of his heirs took equal shares of the Harrison County property. Only one of the heirs, Medsker, had lived on the property before the death of Lyons. Consequently, the other heirs agreed to convey their interests in the property to Medsker. One deed was prepared in which all of the heirs except Morgan Lyons and his wife were named as grantors in the granting clause. The deed was signed and sealed by all of the heirs, including Morgan, who was not named in the granting clause, but Thomas Campbell, an heir who *was* named in the granting clause did not sign the deed.

The Court held that the deed was effective only to pass the titles of those heirs who were named in the granting clause *and* who had signed the deed. That is to say, the deed was ineffective to pass the titles of Morgan Lyons and Thomas Campbell. Each of the heirs intended to convey his share regardless of what the other did. Even though neither Morgan Lyons nor Thomas Campbell had accomplished all of the formalities, the Court held that those parties who did intend to convey their interests, who were properly named, and also who had properly signed the deed effectively passed their titles to the property.

In *Bennett v. Neff*, 130 W. Va. 121, 42 S.E.2d 793 (1947), the parties attempted to enter into an agreement in which all of the seven children of one Louisa F. Bennett, who mistakenly believed that they all owned equal undivided interests with her in land in Nicholas County, West Virginia, would convey to the mother the undivided interests. She would partition the property into separate and equal parcels and, in return for a small consideration, would convey such parcels by deed to each child respectively. Seven deeds were prepared but two of the children refused to sign their deeds. The Court held in syllabus point 4 in *Bennett* that:

> "No delivery occurs when deeds not signed by some of the grantors are given by a grantor who

has signed and acknowledged them to the grantee in one of such deeds, upon the unperformed condition that they shall not become effective until signed and acknowledged by all of the grantors; and such deeds do not pass title to the real estate described therein to any of the designated grantees."

The Court apparently determined from the evidence that when the agreement was suggested, it was the intent of all of the parties that each child's deed would not become effective unless each of the other children signed a deed as grantor, conveying his own undivided share to the mother. That is to say, it was well known by all of the parties that each individual deed would not be effective until performance of the condition that every other child signed a deed. It is on this ground that *Bennett* is distinguishable from, and not in conflict with *Adams*.

The case *sub judice* takes from both of these precedents. Under *Adams, supra,* in spite of the fact that Katherine Carnell did not sign the deed although named as a grantor, still Lorin Carnell was named as grantor and did sign the deed. Again, under *Adams*, without a clear demonstration that there was a condition precedent that Mrs. Carnell also would sign before the delivery became effective as would be required under *Bennett, supra,* the deed became effective with regard to Mr. Carnell. Secondly, according to *Bennett*, extrinsic evidence showed that Lorin Carnell did in fact intend to convey an easement and, therefore, the effectiveness and validity of the deed was not hampered by absence of the signature of his wife.

On the facts of the case before us this Court holds that the commissioner was correct in finding a valid delivery and that the circuit court was in error in concluding that Carnell was not fulfilling a prior executory contract to grant the easement by signing the deed.

### III

In the case at bar the deed was given to Mrs. Pancake's attorney, Donald C. Hott. The circuit court con-

fused the questions of delivery and construction when it determined that less than lawful delivery did not make the deed a nullity, but rather made it latently ambiguous and susceptible to judicial construction. A deed is either properly delivered or it is not properly delivered. Without proper delivery the deed is incomplete and passes no title, *Garrett v. Goff*, 61 W. Va. 221, 56 S.E. 351 (1907), but a deed does take effect on valid delivery, *Clemens v. Morris*, 24 F. Supp. 380 (N.D. W. Va. 1938). Accordingly, once it is determined that a deed has been validly delivered the same rules with regard to parol evidence apply to the construction of that deed as apply to any other properly executed and delivered instrument. Previous unsuccessful challenges with regard to delivery do not create a latent ambiguity. In the case *sub judice* there is no patent or latent ambiguity that would warrant the introduction of parol evidence for the purpose of judicial construction. Lorin Carnell owned the fee simple and he was entitled to convey the easement without his wife's consent, subject only to her inchoate dower interest. There is no question of intent as the instrument is clear; there is only a question of delivery which we resolve adversely to appellees.

Therefore the judgment of the Circuit Court of Mineral County is reversed and the case is remanded with directions to enter judgment for the appellant.

*Reversed and remanded.*