309 S.E.2d 52

**E. Virginia DAUGHERTY**

v.

**Luvena DeWEES.**

**No. 15811.**

Supreme Court of Appeals of West Virginia.

Nov. 10, 1983.

---

J. Fred Earley, Parkersburg, for appellant.

Robert B. Black, Parkersburg, for appellee.

PER CURIAM:

This appeal from the Circuit Court of Wirt County involves the question of whether there was valid delivery of a deed conveying a fifty-five acre farm. The deed was delivered by the grantor to a third party with the written direction that the deed was for the grantee upon the grantor's death. The trial court ruled the deed invalid for lack of delivery. Because the trial court's decision was based on a clearly erroneous factual finding, we reverse the judgment of the trial court and remand for further proceedings.

C.C. Daugherty died on July 9, 1978. He left surviving him, his second wife, E. Virginia Daugherty, the plaintiff below, and a daughter by his first marriage (his first wife died in 1964), Luvena DeWees, the defendant below.

Prior to his death, C.C. Daugherty delivered two packages of papers to Earl Mason. Mr. Mason testified at trial that when Daugherty brought him these packages, the only thing Daugherty said was that the packages contained deeds and that he wanted Mason to deposit them in a safety deposit box. One of the packages was marked for his daughter, Luvena, and the other was marked for his wife, Virginia.

As Daugherty had directed, Mason placed the packages in a safety deposit box. Sometime later (Mason was not able to give even approximate dates to any of the transactions he testified about), Mr. Mason stated that Daugherty came back to see him and wanted the packages returned. They went to the bank and obtained the packages, and Daugherty left with them.

Thereafter, Daugherty took Mason one package and said that if anything happened to him the package was to be delivered to his wife, Virginia. Mason said this package was sealed with tape and ostensibly contained more than one document. Daugherty did not tell him what was in the sealed envelope, and he did not look inside. On this occasion Daugherty did not mention his daughter. Mason deposited the package in a safety deposit box, and the package remained there until after Daugherty's death. In response to a telephone call from Virginia Daugherty, Mason retrieved the package from the bank and took it to the law offices of Eugene T. Hague, Sr., where the package was opened in his presence and in the presence of Mr. Hague and Virginia Daugherty.

Eugene T. Hague, Sr., the only other witness who testified, stated that when Virginia Daugherty and Earl Mason came to his law office Mr. Mason presented him with two envelopes, each bearing handwriting purportedly of C.C. Daugherty. These envelopes were then opened and were found to contain three deeds, two for Wirt County property and one for Wood County property. Mr. Hague testified that Mr. Mason said the two envelopes were delivered to him by Daugherty with the instruction that they were to be delivered as indicated on each envelope. On one envelope was written: "This is the Deed for Luvena DeWees after I have passed on. C.C. Daugherty In Care of Earl & Vergie Mason".

Mr. Hague also recalled that Virginia Daugherty claimed she was entitled to the Wirt County farm under her late husband's will. Hague did not give her an opinion on that question because he wanted to consider whether the deed was valid, and in particular he wanted to consider the decedent's intent and ascertain what constitutes effective delivery of a deed. After considering these questions, Attorney Hague stated that he believed Daugherty's intent was to convey the property to his daughter and that there had been a constructive delivery of the deed. Consequently, he recorded the deed.

The deed from C.C. Daugherty and Lura Daugherty, his wife, to Luvena DeWees conveys fifty-five acres and is dated March 11, 1957. C.C. Daugherty's will, dated April 3, 1973, by general devise conveys all of his real property to Virginia Daugherty.

Because the recorded deed to Luvena DeWees constituted a cloud on the title, Virginia Daugherty instituted this civil action. The trial court found that Daugherty had possession of the deed at the time of his death. He also noted that Daugherty had collected the rent on the property and in all respects had treated the property as his own. Based on these findings, the trial court concluded that there had been no delivery, or only a conditional delivery that was subsequently revoked. Accordingly, the trial court ordered that the deed be set aside and held for naught and decreed that Virginia Daugherty was the owner of the property. Luvena DeWees then brought this appeal.

█ Fundamentally, delivery of a deed depends upon intent. It has long been the rule in this state that "[d]elivery of a deed depends on the intent of the parties...." Syl. pt. 9, *Delaplain v. Grubb*, 44 W.Va. 612, 30 S.E. 201 (1898), *in part. Delaplain* contains discussion of the delivery question 44 W.Va. at 624–625, 30 S.E. at 206. *See Evans v. Bottomlee*, 150 W.Va. 609, 623, 148 S.E.2d 712, 721 (1966); *see* 5B M.J. *Deeds* §§ 35 thru 46 (1976).

█ In the case at bar, the trial court's conclusion as to Daugherty's intent was premised largely on the clearly erroneous factual finding that he had the deed in his possession at the time of his death. That finding is not supported by any evidence. The applicable standard is:

"When the finding of a trial court in a case tried by it in lieu of a jury is against the preponderance of the evidence, is not supported by the evidence, or is plainly wrong, such finding will be reversed and set aside by this Court upon appellate review." Syl. pt. 3, *Funkhouser v. Funkhouser*, 158 W.Va. 964, 216 S.E.2d 570 (1975), *quoting*, syl. pt. 8, *Bluefield Supply Company v. Frankel's Appliances, Inc.*, 149 W.Va. 622, 142 S.E.2d 898 (1965).

Although there are no West Virginia cases on point factually, the general law is:

"Practically all courts recognize that an effective legal delivery of a deed may be made by the grantor's manual delivery of the deed to a third person, with directions to the latter to hold the deed during the lifetime of the grantor and upon the latter's death to deliver it to the grantee, intending at the time of the delivery to the custodian to part forever with all right or power thereafter to repossess, retake, or control the deed. Such a delivery is effectual to convey title to the grantee upon the grantor's death, even though the grantee is not aware of the delivery until after the grantor's death, and the grantor cannot, after making such delivery to a third person, recall, revoke, or modify the deed without the consent of the grantee." (Footnote references omitted) 23 Am. Jur.2d *Deeds* § 144 (1983).

 The grantor's intent at the time he delivers the deed to the third party is usually a question of fact to be resolved in light of all the circumstances surrounding the transaction. *See* 23 Am.Jur.2d *Deeds* §§ 145, 147 (1983). We have recognized this general rule:

"Whether there has been a delivery of a deed is a question of fact rather than of law depending upon the intent of the grantor to vest an estate in the grantee." Syl. pt. 2, *Parrish v. Pancake*, 158 W.Va. 842, 215 S.E.2d 659 (1975), *quoting, Garrett v. Goff*, 61 W.Va. 221, 56 S.E. 351 (1907).

In the circumstances of this case, we think the factual question of Daugherty's intent should be determined in the first instance by the trial court, and we therefore reverse and remand.

Reversed and remanded.