# CHARLESTON.

WADE *v.* CARNEY *et al.*

Submitted September 7, 1909.   Decided March 7, 1911.

1. APPEAL AND ERROR—*Who May Bring Appeal.*

   One cannot appeal a case to this Court unless he has been a party to the controversy in the circuit court, or stands in the place of such party as legal representative.

2. SAME—*Parties.*

   Though interested, a party cannot for the first time come into a cause after it is ended below and obtain an appeal.

   (BRANNON, JUDGE, absent.)

Appeal from Circuit Court, Wood County.

Action by U. T. Wade against Mary V. Carney and others. From a decree dismissing the bill, M. G. Knox and Harry D. Knox appeal.

*Dismissed.*

*Merrick & Smith,* for appellants.

*Dan B. Leonard,* for appellees Carney and others.

ROBINSON, JUDGE:

M. G. and Harry D. Knox conveyed land to U. T. Wade. Subsequently the land was sold at a tax sale to Carney, for taxes assessed in the names of the Knoxes prior to their conveyance to Wade. This suit by Wade assailed the tax deed made to Carney, and the proceedings upon which it was based, as illegal

and invalid. The court below held the tax deed good and enter-
ed a decree dismissing the cause. Then Wade, because he had
thus lost the land, sued the Knoxes, in an Ohio court, on their
covenants of general warranty in the deed whereby they convey-
ed to him. The Knoxes besought Wade to appeal from the de-
cree by which he lost his suit for support of the title they had
conveyed to him. He refused to litigate further the question of
the invalidity of the tax sale and deed. So the Knoxes, though
they were not parties to the cause, applied for an appeal from the
decree dismissing Wade's suit against the tax purchaser, and
for a *supersedeas* thereto, and ·the same were awarded unto
them.

A motion to dismiss the appeal and *supersedeas* as improvi-
dently awarded is presented. That motion, we find, is well
taken. Our reasons for so considering it shall be briefly stated.

The right to appeal, and the power of this Court to award
appeals and writs of error, is founded in statute. Parties must
rest their right there, and there this Court must find its power.
We cannot go beyond the plain terms of the statute in awarding
appeals and writs of error. We are confined to the limits there
prescribed. In order that one may appeal to this Court he must
have been a party to the controversy in the circuit court. By
statute this ·proposition is clear. Code 1906, chapter 135,
section 1, provides: "A party to a controversy in any circuit
court may obtain from the supreme court of appeals, or a judge
thereof in vacation, an appeal from, or writ of error to, a judg-
ment, decree or order of such circuit court in the following
cases: " * * * ." Again, section 2 says: "Any person
who is a party to such controversy, wishing to obtain a writ of
error, appeal or *supersedeas* in the cases named in the first
section of this chapter, may present a petition therefor to the
supreme court of ·appeals, or to a judge thereof in vacation."
These sections are the only legal rules giving the right of appeal
to this Court, or vesting in it the power to award appeals and
writs of error. Each of them limits the right to ·a party who
was in the controversy in the court below. And only in behalf
of a party to the controversy there can we exercise the power.
No one can appeal unless he has been an actual litigant in the
cause below, or stands in the place of a party as a legal rep-

resentative.   A party cannot come into the cause after it is
ended below and obtain an appeal.   Plainly the statute so pre-
scribes.

Judge GREEN discussed this subject in *Williamson* v. *Hays,*
25 W. Va. 609.   Therein he says:   "It is well settled that a
person who is not a party to the proceedings in the court below,
in which the judgment complained of was rendered, cannot
obtain a writ of error from this Court to the judgment of the
court below.   The statute, which gives the right to obtain a
writ of error from this Court, is thus worded:   'A party to a
controversy in any circuit court may obtain from the supreme
court of appeals a writ of error to a judgment of such circuit
court in the following cases,' (specifying them).   Acts of
1882, chapter 157, section 1.   It would hardly seem necessary
to cite authorities to sustain the proposition above laid down.
But plain as is the language of our present statute and of all
others granting the court of appeals the power to grant writs
of error, yet it has been frequently necessary to dismiss writs of
error because they had been awarded to persons, who though
interested in the judgment of the court below were not parties
to the controversy.   It is true that the party entitled to writ
of error need not have been originally a party to the controversy,
when the proceeding was first instituted in the court below.   It
is sufficient that he becomes a party to the controversy at any
time during the progress of the case below."

Now, the Knoxes were not parties to the cause in the court
below.   They had nothing to do with it there.   They did not
even seek to become parties to the cause while it was pending in
the circuit court.   True, they were indirectly interested in the
result of the suit.   A decree against Wade may mean that they
are liable to him on their covenants of general warranty.   But,
though interested to that extent, the statute excludes them from
the right to appeal.   *Coleman* v. *Oil Co.,* 25 W. Va. 148; *Stout*
v. *Philippi M. & M. Co.,* 41 W. Va. 339; and other cases.   Let
us quote from 1 Robinson's Practice (old), at page 656 and 657:
"The person petitioning must be a party appearing by the record
to be aggrieved.   Where the judgment complained of is render-
ed in an action at law, and a *supersedeas* is awarded to a person
against whom no judgment was in fact obtained, such *super-*

*sedeas* will be quashed. *Moss &c.* v. *Moss's admr.,* 4 H. & M. 314. The case of *Halcombe* v. *Purnell, &c.,* decided May 6, 1802, is a strong one upon this head. In that case the court held that a principal obligor in a forthcoming bond, against whom the judgment in the original suit was rendered, but against whom no judgment was rendered on the forthcoming bond, was not entitled to appeal from a judgment against the surety in the forthcoming bond. Upon the face of the record it must have appeared that the principal obligor was *collaterally* interested, since the surety would be entitled to recover of him the amount of the judgment whenever the surety should discharge the same; but not being *immediately* a party to the judgment, the court dismissed the appeal. See this case mentioned by Tucker, J., in *Sayre, admr. of Grymes* v. *Grymes,* 1 H. & M. 406. The two circumstances, that the petitioner is interested in reversing the judgment and that he is a party to the record, must be combined. If a person obtain a *supersedeas* to an order, and it does not appear by the record that he has any interest in the question, the *supersedeas* will be quashed. *Sayre, admr. of Grymes* v. *Grymes,* 1 H. & M. 404. And although a person may be interested, unless the record shows that he was a party to the proceedings in the court below, he cannot obtain a *supersedeas. Wingfield* v. *Crenshaw,* 3 H. & M. 245. See, also, *Dunlop* v. *Commonwealth,* 2 Call, 284."

The appeal and *supersedeas,* awarded M. G and Harry D. Knox, who were not parties below, will be dismissed as improvidently awarded.

*Dismissed.*