# CHARLESTON.

MERCANTILE BANKING & TRUST COMPANY v. ADDIE SHOWACRE
et al.

(No. 5661.)

Submitted September 21, 1926.   Decided September 28, 1926.

1. CHARITIES—*Essential Element of Charitable or Benevolent Trust is Certainly in its Object and as to Class of Persons, But Indefinite as to Individuals to be Benefitted.*

   One of the essential elements of a charitable or benevolent trust is that it be certain in its object and as to the class of persons, but indefinite as to the individuals to be benefitted. (p. 264.)
   (Charities, 11 C. J. § 59.)

2. SAME—*Gift or Bequest of Proceeds of Land to Trustee to Support Annual Course of Lectures Under Direction of Designated Board of Education Creates "Benevolent or Charitable Trust," Not Void for Uncertainty of Object or Indefiniteness as to Beneficiaries (Code, c. 57, §§ 1-3, 7, 10; Acts 1921, c. 28, § 3).*

   A gift or bequest of the proceeds of a tract of land by a testator to a banking or trust company as trustee, also named as executor, to support an annual course of lectures to be delivered in his home town, upon art, literature, history, or economics, under the direction of the board of education thereof, creates a benevolent or charitable trust, not void for uncertainty of object or indefiniteness as to the class of beneficiaries to be benefitted, and which will be enforced as such under the provisions of sections 3, 7 and 10 of chapter 57 of the Code, controlling such trusts.   (p. 264.)
   (Charities, 11 C. J. §§ 21, 43.)

3. SAME—*That Gift of Money or Property is to Bank or Trust Company Competent as Trustee, to be Expended for Lectures Under Direction of School Board, Which Has Power to Take Under Will, Does Not Render Trust Void (Acts 1921, c. 28, § 3).*

   Nor will the fact that the gift of the money or property is to a bank or trust company, competent as such trustee, to be expended under the direction of such board of education having power to take by devise or bequest, render the trust void as a public benefaction or trust.   (p. 265.)
   (Charities, 11 C. J. §§ 51, 54 [Anno].)

4.  PERPETUITIES—*Rule Against Perpetuities Does Not Apply to Gift of Proceeds of Land in Trust to Support Annual Course of Lectures.*

Generally, the rule against perpetuities has no application to such gifts to public charities, and it has no application to the particular trust involved in this case.  (p. 267.)

(Perpetuities, 30 Cyc. p. 1497.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Appeal from Circuit Court, Marshall County.

Suit by the Mercantile Banking & Trust Company, executor of the will of Charles A. Showacre, deceased, against Addie Showacre and others, for the construction of a will. From the decree below, complainant appeals.

*Affirmed in part; reversed in part.*

*Walter A. McGlumphy* for appellant.
*J. C. Simpson* and *J. D. Parriott* for appellees.

MILLER, JUDGE:

The bill before us upon which the decree appealed from was predicated, was filed by plaintiff, the present appellant, for the purpose of obtaining the construction and the advice of the court respecting the proper administration of the will of the late Charles A. Showacre, who in life resided in Moundsville, Marshall County, and there died January 25, 1925, and whose will was duly probated therein; and the plaintiff as executor thereby appointed was qualified on February 26, 1925.

The special provisions of the will of which construction and advice was desired, are paragraphs 6, 7 and 10, as follows:

"6.  I direct my executors, as soon as may be most advantageously done, to bring the largest sum, to sell the three acres of land near Glendale, W. Va., devised to me by my wife Sallie, and invest the proceeds to the best advantage having in view return and safety, (and I suggest Bonds of the United States). The said fund to be turned

over to Mercantile Banking and Trust Company and its lawful successors, to be held in trust by it, and the income thereof to be used under the direction of the Board of Education to pay for an annual course of lectures to be delivered in Moundsville, W. Va., upon Art, Literature, History, or Economics, but the lecturer shall not be a minister of any church, nor espouse any religion in his lecture.

"7. Upon the death of my wife Addie the portion of the estate devised to her shall be placed in said fund and to go to said trustees and the scope of the purpose of that fund enlarged to that extent. Such course shall be known as the Sallie Showacre lecture course.

In case the Board of Education shall fail to carry out the purpose of the said trust, then the said fund shall when the citizens of Moundsville shall have raised a fund of $100,000.00, go to the erection of and maintenance of a Public Library and it shall be known as the Sallie Showacre endowment to said Library."

"10. If my sister Clara shall die before sister Nell, the income of such stock as Clara received shall go to her while she lives. At the death of both my sisters, the said stock shall become a part of said trust fund for lecture or Library uses."

The bill made defendants thereto, Addie Showacre, widow, a second wife, John M. Showacre, W. R. Showacre, Clara Showacre, Nelle Showacre, Lou B. Sheets, Della Woods and Catharine Broyles, as heirs at law of said Charles A. Showacre, deceased, and Nelle Showacre and Clara Showacre, as legatees under the will; and the Board of Education of the Independent School District of Moundsville, West Virginia, a corporation, was made a party thereto and served with process. The defendants Lou B. Sheets and W. R. Showacre alone appeared to and answered the bill, to which answer the plaintiff by counsel interposed a demurrer, which by the final decree was overruled, and the answer allowed to be filed.

The decree below, in consonance with the defenses interposed by the answer of the two respondents, with respect to the three several clauses or paragraphs of the will in question,

decreed: First, that the general purpose of the testator was to effect a general conversion of his real property into personalty, and to thereby invest in his executors the full power and authority to sell and convey the real estate, and to administer the same as personalty: Second, that so much of the sixth paragraph of the will as directs the proceeds of the sale of the three acres of land near Glendale, devised to the testator by his late wife Sallie, and invest the proceeds, and to turn over to said Mercantile Banking & Trust Company and its lawful successors the said fund, the income thereof to be used under the direction of the Board of Education to pay for an annual course of lectures to be delivered in Moundsville, W. Va., upon the subjects and as provided, and the provisions of said seventh clause and tenth clause, for enlarging said trust fund, upon the death of his wife Addie, and upon the death of his sister Clara, by adding thereto the portions of his estate devised to them respectively for life, were void for the following reasons: First, because the board of education, under the laws of West Virginia, is a corporation, but without power to carry out the objects and purposes of said provisions of the will: Second, because the benefi- . ciaries designated are uncertain and indefinite, and: Third, that the provisions for the transfer of said fund to the library fund conditioned as in the several paragraphs, was furthermore void, because violative of the rule against perpetuities: and in accordance therewith the court adjudged that the proceeds of the sale of the said three acres at Glendale, of which it was adjudged the testator died intestate, be distributed among the legal heirs as therein directed.

The first thing to be considered in disposing of the questions presented is, what is the nature of the estate which the testator by the several provisions of his will involved, undertook to create or establish? The plaintiff's position is that a benevolent or charitable trust, such as is defined, was intended, and must be regulated, controlled and administered under sections 3, 7 and 10 of chapter 57 of the Code. An essential element of such a trust is that the individual beneficiaries be indefinite, and that it is only necessary that the

purpose of the bounty and the class of the persons to be benefitted be definite. *Hays* v. *Harris,* 73 W. Va. 17; *Osenton* v. *Elliott,* 73 W. Va. 519.

It may as well here, as elsewhere, be emphasized, that the trust attempted to be created by the testator is not materially affected by the provisions of sections 1, 2 and 3 of said chapter 57, which relate to the holding of property by religious associations. The decisions of this court and those of the Supreme Court of Appeals of Virginia, mainly relied on, are cases involving the construction of those sections of the statute, and which for the most part have very little application to the case presented here. The term ''conveyance'' used in section 3, as in section 1, we observe has been construed as broad enough to cover devise or bequest. *Seaburn* v. *Seaburn,* 15 Gratt. 423; *Hays* v. *Harris, supra.* The declared purpose of the testator here, in the first instance was to establish and support an annual course of lectures to be delivered in his home town of Moundsville, upon art, literature, history, or economics, under the direction of the board of education, plainly intending them to be in the furtherance of general education in the town or community in which he had resided, and for the benefit of all the people of that community. This expressed and laudable object was as definite and certain, and the beneficiaries as certain, as the gift to trustees to establish a city hospital where the sick poor might be treated without charge, or with as little expense as possible, declared to be a valid disposition of real property in *Hays* v. *Harris, supra,* and as the grant of a lot for burial purposes, sustained in *Ritter* v. *Couch,* 71 W. Va. 221. In Massachusetts, a bequest to trustees to be expended at their discretion, ''in such sums, at such times and such places, as they deem best, for the preparation and circulation of books, newspapers, the delivery of speeches, lectures, and such other means, as, in their judgment, will create a public sentiment that will put an end to negro slavery in this country,'' was upheld as a legal charity. *Jackson* v. *Phillips and others,* 14 Allen, (Mass.) 539. So we held that the purpose of the testator's bounty and the beneficiaries of the trust are sufficiently

definite to support the trust, and that the circuit court erred in decreeing it void for uncertainty. We deem it unnecessary to go into a more extended discussion of the subject so fully covered by Judge WILLIAMS in his opinion in *Hays* v. *Harris.*

But should the decree be affirmed on the other ground, the alleged want of power in the Board of Education of the Independent School District of Moundsville to take the devise or bequest? In our opinion it should not. In the first place the gift is not made to the board of education but to the Mercantile Banking & Trust Company, a corporation, named also as executor of the will. No question is made as to its competency to take as trustee or to administer the trust. True, the will provides that the income from the fund is to be expended under the direction of the board of education. But we are cited to no authority holding that the board of education is incompetent to take and administer the trust. The statute now in force and existing at the time of the making and probate of the will, creating and relating to boards of education, section 3, chapter 28, Acts 1921, specifically provides that they may receive gifts and donations, including devises and bequests, which necessarily implies the power to administer the trusts bestowed upon them not inconsistent with the general purposes of their creation. Certainly, courses of lecture on the subjects enumerated by the testator are directly in line with the general subjects to be taught in the public schools under their control.

The next question is, does the contingency contemplated, the failure of the board of education to carry out the purposes of the trust, and the consequent diversions of the fund for a public library, introduce such an element of uncertainty into the trust as to render it void, or violate the rule against perpetuities, and voiding it on that ground? We think the contingency need hardly be contemplated. It is almost inconceivable that the board of education would fail or refuse to carry out the purposes of the trust, and if it should, would the trustees be powerless to do so? If not voluntarily, certainly under the direction of a court of equity, which will never allow a public trust or charity to go unexecuted for

want of a trustee; it will not only supply the trustee, but all .the machinery necessary to further and execute the purposes and objects of the benefaction. 2 Perry on Trusts, §§ 721-723.

But can the decree be affirmed because the devise or bequest infringes the rule against perpetuities? This rule, while applicable to private trusts, has generally no application to public benefactions, and certainly none to public charities which are designed to be perpetual. 2 Perry on Trusts, §§ 687, 736, 737. Even as applied to the gift over of the estates devised to Mrs. Showacre, and testator's sister, for life, public policy as a general rule forbids the application of the rule against perpetuities, and the doctrine applied, of personal property as well as real estate, and to legal as well as equitable estates. *French* v. *Calkins,* 252 Ill. 243.

For the reasons stated, the decree below will be affirmed in so far as it adjudges that the testator intended and effected a conversion of his real estate devised into personalty; but in so far as it decreed that the bequests to the Mercantile Banking & Trust Company, of the proceeds of the sale of the three acres near Glendale, and of the remainders over after the life estates given to his widow Addie, and his sisters Clara and Nell, of the particular personal property described, to establish or endow the courses of lectures described, are involved, for any reason or violation of the rule against perpetuities, is set aside, reversed and annulled, and the trustee named in the will is directed to execute the trust in accordance with the true spirit and intent of the testator as expressed in his will.

*Affirmed in part; reversed in part.*