## CHARLESTON.

H. G. HENDERSON, EX'OR OF C. B. HENDERSON, *Deceased, v.*
POTTER ORPHAN HOME *et als.*

AND

MILDRED I. HENDERSON, INFANT, BY HER NEXT FRIEND *v.*
H. G. HENDERSON, *Guardian, etc.*

(No. 5761)

Submitted January 18, 1927. Decided January 25, 1927.

1. APPEAL AND ERROR—*Appeal Allowed on Petition of Non-existent Corporation, or One Not Party to Suit, or Bound by Decree, Will be Dismissed.*

    An appeal allowed here upon the petition of a nonexistent corporation or one not a party to the suit or decree complained of, not bound thereby, will be dismissed as having been improvidently awarded. (p. 63).

    (Appeal and Error, 3 C. J. § 466; 4 C. J. § 2394.)

2. SAME—*Only Parties to Suit or Decree Are Entitled to be Heard on Appeal.*

    Only parties to such a suit or decree are entitled to be heard upon appeal. (p. 63).

    (Appeal and Error, 3 C. J. § 466.)

3. SAME—*If Decree is by Default, Court Pronouncing it Must First be Appealed to to Correct it (Code, c. 134, § 5).*

    If a decree be by default the court pronouncing it must first be appealed to to correct it, pursuant to section 5, chapter 134 of the Code. (p. 63).

    (Appeal and Error, 3 C. J. § 68.)

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Wetzel County.

Suit by H. G. Henderson, executor of C. B. Henderson, deceased, against the Potter Orphan Home and others, and suit by Mildred I. Henderson, an infant, by her next friend, against H. G. Henderson, guardian, etc., consolidated and tried together. From the decree below, the Board of Trustees of the Potter Orphan Home appeals.

*Appeal dismissed.*

*Larrick & Lemon,* for appellant.

*M. H. Willis,* and *J. Howard Holt,* for W. E. Pierce and Mildred I. Henderson.

MILLER, JUDGE:

We assume that this was intended to be an appeal from a decree pronounced in the above styled causes, consolidated and heard together, on March 12, 1926, although the petition is presented here is in the name of the Board of Trustees of the Potter Orphan Home vs. W. E. Pierce, Administrator, Etc., et al. No such styled cause is found in the record. We had the first of said causes before us on a former appeal, 99 W. Va. 46, where on the petition of the plaintiff we reversed the decree which alligned him on the side of the defendants, and then dismissed the cause for want of parties, holding that the plaintiff had the right to maintain his suit for the purpose of his bill.

By the second clause of his will, substantially described in the opinion delivered on the former appeal, the testator, Charles B. Henderson, said: "I give and bequeath one thousand dollars ($1,000.00) to the Potters Orphan Home of Bowling Green, Kentucky, to be used for the maintenance of the home." The decree of March 12, 1926, adjudges said bequest to be void, and directed the executor not to pay the same. This is the only part of the decree complained of on this appeal.

On the hearing here W. E. Pierce, Administrator, and Mildred I. Henderson by counsel appeared and moved the court to dismiss the appeal as having been improvidently awarded. They rely on two propositions: First, that the appellant is not a corporation, as the record shows, but that the property is controlled by a board of trustees consisting of seven members, not mentioned in any bill, answer or other pleading, wherefore not competent to prosecute an appeal from the decree invalidating the testamentary bequest; Second, that though a party in fact or by representation, and whether served with process or not, the decree amounts to a decree by default, and is correctable, in the first instance at

least, only by motion under sections 5 and 6 of chapter 134 of the Code.

Neither the original bill nor any answer of the defendants, so far as the record now before us shows, puts in issue the validity of the bequest in favor of the Potter Orphan Home of Bowling Green, Kentucky. The bill made no attack upon this bequest, nor did any answer of the infant defendant by her guardian ad litem do so, but being an infant, and the ward of a court of equity, the court would interpose any and all pleas necessary to protect her estate. *Coal Mining Company* v. *Harris,* 65 W. Va. 152.

As we have suggested, however, no pleading does in terms affirm the validity of the bequest. The original bill of complaint may be regarded as having impliedly affirmed it perhaps. The only pleading relied on as distinctly attacking its validity is the bill of Mildred Irene Henderson, by Mary Zerque, her Next Friend, against H. G. Henderson, in his own right and as guardian for said infant, and as Executor of Charles B. Henderson, deceased, which may be the bill referred to in the second styled cause upon which the decree complained of was predicated. But that bill was not brought up by the certified record. A paper not certified by the circuit clerk or otherwise identified was referred to in oral argument by counsel for Pierce, Administrator, and for Miss Henderson; but of course we can not look to that paper for any purpose. If relied on, it should have been brought up by certiorari on suggestion of diminution of the record. If we could look to that paper, however, we would find that neither the Potter Orphan Home nor the trustees of said home are named as parties defendant; nor were they summoned or served with process, actual or constructive. Nor did they appear by pleading or otherwise in the cause. Counsel for appellants rely on the appearance made by them before the commissioner; but the only appearance there shown was made by counsel for H. G. Henderson, Executor, and H. G. Henderson, Guardian, and who proceeded to prove that Potter Orphan Home was not a corporation, as they had alleged in the bill, but was controlled by a board of seven trustees, in whom the title to the real estate was vested, and that its objects were

strictly benevolent and charitable, and that it received orphan children generally and indiscriminately, and depended on charity for its maintenance.

Why counsel representing Henderson, Executor, and also the Potter Orphan Home, did not make the trustees in their individual names defendants and put in an answer or petition or some form of pleading bringing them before the court, is a mystery. A case which would have been quite easy to dispose of, has been so burdened with inexcusable errors and omissions in pleadings, parties and proper process, that we find ourselves unable to dispose of the cause on its merits.

Our conclusion is that the appeal will have to be dismissed as having been improvidently awarded on the petition of a nonentity, or a board not named as a party or parties to the suit. Only parties to the decree appealed from are entitled to be heard here on appeal. This is not only common sense, but settled law. *Wade* v. *Carney,* 68 W. Va. 756; *Elkins National Bank* v. *Simmons,* 57 W. Va. 1. The first case affirms the proposition also, that though interested, a party can not for the first time come into a cause after it is ended below and obtain an appeal. To the same effect is *Hornor* v. *Life, Admr.,* 76 W. Va. 231, holding that on appellate process a party can not take advantage of an error that does not prejudice his right. We think therefore that the appeal will have to be dismissed on this ground also.

If we were permitted to consider on this appeal the merits of the questions sought to be presented, we would without hesitation hold that the bequest to the Potter Orphan Home of Bowling Green, Kentucky, was and is a valid bequest to benevolent and charitable uses, which under sections 3 and 10 of chapter 57 of the Code the trustees of said Orphan Home were competent to take and hold to the use and purpose of the bequest. *Hays* v. *Harris,* 73 W. Va. 17; *Mercantile Banking & Trust Co.* v. *Showacre,* 102 W. Va. 260, 135 S. E. 9.

If perchance the record below, not here, should disclose some pleading or process impleading these trustees, so that the decree below could be treated as a decree against them by default, they still have time to proceed by motion under section 5 of chapter 134 of the Code, to correct the decree. If

there is no such proceeding the decree is not binding upon them, and they have their remedy to enforce the bequest by proper process against the proper parties.

*Appeal dismissed.*