STATE OF WEST VIRGINIA

*v.*

J. A. ARMSTRONG, *et al.,* PAUL CRAGHEAD, *Appellant*

(No. 10239)

Submitted Sept. 12, 1950. Decided Oct. 10, 1950.

*Joseph Luchini* for appelant.

*J. W. Maxwell* for appellee.

FOX, JUDGE:

This appeal grows out of an application to redeem two parcels of land designated as Lots Nos. 7 and 8, in Blankenship Addition to Rhodell, in Raleigh County, West Virginia, returned delinquent in the names of R. R. Ford and J. A. Armstrong for nonpayment of taxes; and which became irredeemable on July 1, 1947, and were sold in the above styled proceeding on December 15, 1948, and purchased by B. W. Lilly. It appears that R. R. Ford has departed this life leaving as his sole heir his wife Laura L. Ford.

Following the sale of said lots to B. W. Lilly, Laura L. Ford became acquainted with the fact of such sale, and in some manner came in contact with the purported appellant, Paul Craghead. On February 8, 1949, Laura L. Ford made, constituted and appointed Paul Craghead her "true and lawful attorney, for me and in my name, place and stead to petition the Circuit Court of Raleigh County, West Virginia, for the right to redeem certain real estate returned delinquent which was sold by the Deputy Commissioner of School Lands in Raleigh County, West Virginia to B. W. Lilly by authority of a suit pending in chancery in said Circuit Court of Raleigh County, West Virginia, and styled State of West Virginia against J. A. Armstrong, et als., and in which real estate I have a certain interest as shown by deeds of record in the chain of title; * * *." In said power of attorney she further authorized Craghead to file a lien in the County Court of Raleigh County for the sum of money paid for the redemption of the real estate so sold, and after filing said lien against the remaining interest holders of said real estate, he was authorized to institute a suit in her behalf to sell said real estate in order to satisfy the lien against the same. She further authorized Craghead to sell said real estate after the same had been redeemed, and to execute a deed for all of her interest therein, and to make other necessary covenants, warranties or assurances, and to sign, seal, acknowledge and deliver deeds, and to do all other acts, matters and things in relation to petitioning the court to redeem the land, as she herself might do or could do if acting in person.

Previous to executing the power of attorney mentioned above, the said Laura L. Ford had on February 3, 1949, by her deed, acknowledged on the 5th day of February, 1949, conveyed her interest in said Lots Nos. 7 and 8 to the appellant Paul Craghead, the same person to whom the power of attorney aforesaid was later made. This deed was never recorded, and why the power of attorney aforesaid was executed authorizing the appellant to make a redemption in the name of the grantor therein is left to conjecture.

Following the execution of these two papers, and about the 10th day of February, 1949, notice was given to the Deputy Commissioner of Forfeited and Delinquent Lands for Raleigh County, West Virginia, and to B. W. Lilly the purchaser of the lots aforesaid, that on the 21st day of February, 1949, "Paul Craghead, attorney in fact for Laura L. Ford" would petition said court for an order setting aside the sale made by said Deputy Commissioner to B. W. Lilly of the two lots mentioned above. In said notice, the following statement appears: "Notice is further given to each of you that Laura L. Ford, the owner of a one-half undivided interest in said real estate, resides in Mercer County, West Virginia, and was not informed and received no notice and was not aware of the fact that said real estate was sold by the Deputy Commissioner of Forfeited and Delinquent Lands of Raleigh County, West Virginia, * * *." And further: "and said Laura L. Ford, being a proper person with interest to redeem said real estate by tendering in open court, on the day and hour that this notice is returnable, the full amount necessary to redeem said property through and by her attorney in fact, Paul Craghead." The service of this notice was accepted by the Deputy Commissioner, and was served on B. W. Lilly on February 11, 1949.

On February 12, 1949, Laura L. Ford executed a deed conveying to B. W. Lilly her interest in the two lots, Nos. 7 and 8 in Rhodell, for the consideration of $300.00, the payment of which she acknowledged therein. This deed was purported to be acknowledged on the day of its execution, but the acknowledgement is claimed to be defective for the reason that it begins with the language "I, Frank Gibson, a justice of the peace within and for the county and state aforesaid" and then proceeds to certify the acknowledgement, but is signed by "C. W. Murphy, Notary Public" with the words "Justice of the Peace for Rock District of Mercer County, W. Va." following the signature of Murphy as notary public. The defect in the certificate aforesaid does not detract from the force of the deed in making effective the conveyance intended to be made thereby. Later, on March 2, 1949, B. W. Lilly

obtained a deed from J. A. Armstrong and wife for the remaining interest of said two lots of land. Both of the deeds last aforesaid were promptly recorded in Raleigh County.

On February 21, 1949, the petition mentioned in the notice aforesaid, prepared on or about February 10, 1949, was filed in the Circuit Court of Raleigh County. A demurrer to said notice was interposed by B. W. Lilly on March 24, 1949. This demurrer was sustained with leave to the petitioner to amend. On March 30, 1949, an amended petition and answer was filed on the part of Laura L. Ford. It is styled: "The Amended Petition and Answer of Paul Craghead, Attorney in Fact for Laura L. Ford, a party in interest in the above-styled cause, * * *." The petition throughout refers to Laura L. Ford as the owner of an individed half interest in said two lots in Rhodell, and the prayer of the amended petition is that: "Laura L. Ford, by and through her said attorney in fact Paul Craghead, therefore prays that a decree be entered permitting said Laura L. Ford, by and through her said attorney in fact Paul Craghead, to redeem the said real estate * * *.", and the same is signed: "Laura L. Ford, By Paul Craghead, Her Attorney in Fact." On March 30, 1949, the defendant B. W. Lilly filed his petition in the cause in which he asserts his right to have the sale of said lots confirmed, and in said petition sets up the deed executed by Laura L. Ford to the petitioner, dated the 12th day of February, 1949, and mentioned above.

A hearing was held on the several matters arising on the petitions aforesaid. At this hearing, the regularity of the sale made by the Deputy Commissioner of Forfeited and Delinquent Lands, on December 15, 1949, was stipulated. There was brought into the case for the first time the deed from Laura L. Ford to Paul Craghead, dated February 3, 1949, and the contention was made, notwithstanding the fact that said deed had not been recorded, that the notice of February 10, 1949, to B. W. Lilly and the Deputy Commissioner was sufficient to put the defendant B. W. Lilly on notice to investigate the title to

said lots, and that when he acquired the interest of Laura L. Ford therein, by the deed of February 12, 1949, he was not an innocent purchaser for value and without notice of the prior deed for said lots made by Laura L. Ford on February 3, 1949. In this hearing, there was filed the deed from Laura L. Ford to B. W. Lilly, and that of J. A. Armstrong and wife to B. W. Lilly; and also an affidavit taken, subscribed and sworn to by Laura L. Ford, on March 29, 1949, in which she makes the following statement:

"Laura L. Ford, being by me the undersigned authority, first duly sworn, says that she is the wife or widow of R. R. Ford, deceased, and the same person whom Paul Craghead purports to represent as her attorney-in-fact in that certain suit pending in the Circuit Court of Raleigh County, West Virginia wherein the State of West Virginia is plaintiff, and J. A. Armstrong and others are defendants; that affiant has no further interest in said lands; that she heretofore conveyed the same to B. W. Lilly for a full and adequate purchase price, which has been fully and completely paid to her; that she has never received any consideration from the Paul Craghead, and that he, the said Paul Craghead, has no interest in said lands, and she does not desire to redeem the same from the sale made on the 15th day of December, 1948, at the Courthouse of Raleigh County, West Virginia, by Anthony Sparacino, Deputy Commissioner of Forfeited and Delinquent Lands, under a decree of court, and that she desires said petition filed by the said Paul Craghead in said suit to be dismissed, and does hereby constitute and appoint B. W. Lilly her true and lawful agent and attorney-in-fact with full authority to cause said petition to be so dismissed as fully and completely as she might do in person, hereby ratifying and confirming whatever he, the said B. W. Lilly, may lawfully do under this power of attorney."

There was also filed in the hearing a note executed by Paul Craghead to Laura L. Ford, dated at Matoaka, W. Va., February 5, 1949, by which he promised to pay to the said Laura L. Ford the sum of $200.00, forty-five days

after date, and containing other provisions as to waiver of presentment for payment and the like. On the back of the note there is this notation: "Feb. 5, 1949. This note is given with the understanding that if Paul Craghead, the signor, does not recover title to certain real estate sold for taxes in Raleigh County, in the name of R. R. Ford and J. A. Armstrong, the note is to be void. Otherwise to remain in full force and effect."

On October 7, 1949, the court entered a final decree on the matters raised by the petitions aforesaid. By this decree, it dismissed the original and amended petition filed by Paul Craghead, attorney in fact for Laura L. Ford, and ordered that the sum of $207.65, deposited by Craghead and the amount necessary to redeem the lots involved, be returned to him. It further decreed:

> "And it further appearing to the court, and the court doth find, that the said petitioner, attorney-in-fact aforesaid, and all other persons are without right to redeem said property, the sale by said Deputy Commissioner of Forfeited and Delinquent Lands for Raleigh County, West Virginia, to him, the said B. W. Lilly, is hereby in all respects ratified and confirmed, and the said Deputy Commissioner of Forfeited and Delinquent Lands is hereby ordered and directed to execute, acknowledge and deliver ready for recordation to him, the said B. W. Lilly, an apt and proper deed of conveyance, conveying to him, the said B. W. Lilly, all of the right and title of the State of West Virginia in and to said lands; all of which is accordingly adjudged, ordered and decreed. And it is further adjudged, ordered and decreed that the respondent, B. W. Lilly, do recover of and from her, the said Laura L. Ford, his costs in this behalf expended, * * *."

On December 12, 1949, upon the petition of Paul Craghead, as an individual, we granted the appeal now before the Court.

It will be noted that at no time was Paul Craghead, as an individual, a party to the proceeding involving the right of Laura L. Ford to redeem the two lots in Rhodell,

or the right of B. W. Lilly to have the sale thereof confirmed. In every notice and petition filed in that proceeding, Craghead appears as attorney in fact for Laura L. Ford, and the very power of attorney under which he acted provided that he should so appear in her behalf. If he had intended to assert a right to redeem said lots, under his deed of February 3, 1949, he should have filed a petition in his own name, based upon said deed. We cannot understand, and no effort is made to explain, why he should take a deed for the Ford interest in said lots on February 3, and later take a power of attorney from the then former owner on February 8, following; but this is what he did, and then on February 21, 1949, he filed a petition to redeem in the name of Laura L. Ford, and assumed to act as her attorney in fact.

On August 24, 1950, notice was given the appellant by the appellee B. W. Lilly, that he would move this Court to dismiss the appeal in this case as having been improvidently awarded, for reasons set up in the brief theretofore filed by the appellee in this Court. This notice was duly served on counsel for the appellant, the motion to dismiss was made, which motion, if sustained, will determine our decision on the pending appeal.

We have endeavored to present a complete statement of the progress of this litigation, and the relation of the appellant thereto, as bearing on the motion to dismiss the appeal as having been improvidently awarded. The basis for such motion is that the appellant was not a party to the litigation in the court below, and, therefore is not entitled to appeal from the final decree aforesaid.

We are of the opinion that the position of the appellee on this point is well taken. The record clearly shows that at all times, beginning with the notice that a petition to redeem would be filed, and continuing throughout the proceedings, they were prosecuted in the name of Laura L. Ford by Paul Craghead, her attorney in fact. The two petitions filed in her name and in her behalf were sworn to by Paul Craghead. The final decree of the court treated Laura L. Ford, an individual, as being the

person in whose name the petition was filed, and costs were assessed against her. At no point in the record does Craghead, as an individual, appear as a party. The question of whether he was or was not interested in the two lots involved cannot be considered in this Court, because he was not a party to the litigation in the court below.

The rule in respect to the right of appeal to this Court is considered in 1 Michie's Jurisprudence 508. It is there stated: "One cannot appeal a case unless he has been a party to the controversy in the lower court, or stands in the place of such party as legal representative. And so one not a formal party cannot appeal, though affected as a pendente lite purchaser. * * *" The first proposition stated above is sustained by *Elkins National Bank* v. *Simmons,* 57 W. Va. 1, 49 S. E. 893; *Wade* v. *Carney,* 68 W. Va. 756, 70 S. E. 770; and *Henderson* v. *Henderson,* 103 W. Va. 60, 136 S. E. 605. If a writ of error or appeal is obtained by one not a party to the litigation in the court below, a writ of prohibition may be awarded against further proceeding thereon, although, of course, such writ would not be available in this Court, and we can only remedy such a situation by dismissing the writ of error or appeal as having been improvidently awarded.

We do not pass upon the interest, if any, which Paul Craghead might have had as an individual in the lots of land here involved. Whatever they may have been, they cannot be asserted for the first time in this Court. They were not asserted in a proper way in the court below, and this being true, his prayer for relief from the final decree aforesaid, by way of appeal, cannot be entertained in this Court, and the appeal heretofore granted him, on December 12, 1949, must be dismissed as improvidently awarded.

*Appeal dismissed as improvidently awarded.*