509 S.E.2d 894

Delores L. JONES, Plaintiff
Below, Appellant,

v.

John L. WOLFE, Defendant/Third–Party
Plaintiff Below, Appellee,

v.

Frank Johns, Widower, Rocco Johns and
Flora C. Johns, James J. Johns and
Emelia Ann Johns, Johnny Johns, Jr.,
and Alva Johns, and Scottsdale Insur-
ance Company, Third–Party Defendants
Below, Appellees.

No. 25208.

Supreme Court of Appeals of
West Virginia.

Submitted Nov. 12, 1998.

Decided Dec. 9, 1998.

Robert H. Miller, II, Katz, Kantor & Per-
kins, Bluefield, West Virginia, Attorney for
Appellant.

Harold B. Wolfe, III, Akers & Wolfe, Princeton, West Virginia, Attorney for John L. Wolfe, Appellee.

Kimberly G. Mann, Lynch, Mann, Smith & Bibb, Beckley, West Virginia, Attorney for Frank Johns, Rocco Johns and Flora C. Johns, James J. Johns and Emelia Ann Johns, Johnny Johns, Jr., and Alva Johns, Appellees.

Edward K. Rotenberry, White & Henderson, Princeton, West Virginia, Attorney for Scottsdale Insurance Company, Appellee.

PER CURIAM:

This is an appeal by Delores L. Jones from an order of the Circuit Court of McDowell County, West Virginia, granting John L. Wolfe summary judgment in an action which the appellant had instituted. In her complaint, the appellant had alleged that Mr. Wolfe was her landlord and was legally responsible for an injury which she had sustained when she attempted to open an allegedly defective window in her leased residence. The court granted summary judgment to Mr. Wolfe after the court concluded the evidence adduced showed that Mr. Wolfe was not the owner of the premises leased by the appellant at the time of her injury. In the present proceeding, the appellant claims that the circuit court erred in granting summary judgment.

## FACTUAL BACKGROUND

Before August 1994, the appellant, Delores L. Jones, rented an apartment from Rocco Johns. Mr. Johns jointly owned the building in which the apartment was located with several members of his family.[1] It appears that in 1994, Mr. Johns and the co-owners of the building agreed to sell it to John L. Wolfe, and, as a consequence, sometime in the latter part of July, Mr. Johns informed the appellant that, beginning in August 1994, John L. Wolfe would own the building and that the appellant should make all future rent payments to him.

Approximately one week after Mr. Johns informed the appellant that rent payments should be made to Mr. Wolfe, Mr. Wolfe himself approached the appellant and informed her that she was to make the payments to him since the apartment building now belonged to him. He also told the appellant that if anything went wrong with the apartment, she should inform him of that fact. At that point, the appellant informed Mr. Wolfe that there was a defective pane of glass in the window of her kitchen, and Mr. Wolfe indicated that he would have it fixed.

In early September, 1994, as directed by Mr. Johns and Mr. Wolfe, the appellant made her rent check payable to Mr. Wolfe, and Mr. Wolfe accepted it and apparently deposited it into his checking account. Subsequently, on September 10, 1994, the appellant cut her hand as she was attempting to open the window with the defective pane of glass. The cut required extensive corrective surgery.

After the appellant injured her hand, she instituted the civil action which is the subject of this appeal against Mr. Wolfe in the Circuit Court of McDowell County. In instituting the action, she claimed that Mr. Wolfe, as her landlord, was legally responsible for the injuries which she had sustained.

Following the institution of the action, Mr. Wolfe filed an answer in which he asserted that he was not, at the time of the appellant's injury, the owner of the apartment in which the injury occurred. Mr. Wolfe also submitted to the court a copy of a deed wherein the members of the Johns Family conveyed the apartment to him. That deed was dated August 29, 1994, but a notation on it indicated that it was not recorded until September 23, 1994, almost two weeks after the appellant's accident.

In the subsequent proceedings in the case, it became clear that Mr. Wolfe was taking the position that he was not the owner of the property at the time of the plaintiff's injury because certain of the acknowledgments on the deed clearly were not executed until after

---

1. The actual owners were Rocco Johns, Flora C. Johns, Frank Johns, James J. Johns, Emelia Ann Johns, Johnny Johns, Jr., and Alva Johns. They will hereafter be referred to as the "Johns Family."

the appellant's injury, and because the deed itself was not recorded until after the appellant's injury. It also appears that during the subsequent proceedings, a question was raised as to whether Mr. Wolfe might have been an agent of the Johns Family. When the agency issue was raised, the circuit judge indicated that he might entertain a theory of liability based on agency and suggested the appellant file a motion to amend her complaint and assert the agency theory.

On September 24, 1997, Mr. Wolfe filed a motion for summary judgment based on the uncontroverted and undisputed evidence that he did not own the apartment building, or any part of it, at the time of the alleged injury to the appellant. On October 9, 1997, a hearing was held on this motion for summary judgment, and at that hearing, the court ruled as a matter of law that there was no genuine issue as to the fact that Mr. Wolfe did not own the building on the date of the incident in question. The court also found that the sole basis for liability asserted was the theory of landlord liability and that the appellant had failed to amend her complaint to state a cause of action based upon agency. Although the court indicated it would entertain an oral motion on the basis of agency, the court, after reflecting, concluded that there was insufficient evidence pertaining to agency to grant relief on that basis and granted summary judgment in favor of Mr. Wolfe.

In the present proceeding, the appellant claims that the circuit court erred in granting summary judgment to Mr. Wolfe.

## STANDARD OF REVIEW

■ We have held that a circuit court's entry of summary judgment is reviewed *de novo*. Syllabus Point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). We have also recognized that: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty & Surety Company v. Federal Insurance Company of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

## DISCUSSION

■ As previously stated, the Circuit Court of McDowell County in awarding John L. Wolfe summary judgment, concluded that Mr. Wolfe did not own the property on which the appellant was injured on the date of the injury and that, as a consequence, he could not be held liable. The court's decision was apparently predicated on the conclusion that since the deed to Mr. Wolfe was not entirely acknowledged, and was not recorded, before the appellant's injury, that deed could not have effectively transferred ownership of the property to Mr. Wolfe before the injury.

■ The law in this State is rather clear that a deed takes effect from its actual or constructive delivery. *See Parrish v. Pancake*, 158 W.Va. 842, 215 S.E.2d 659 (1975), and *Bennett v. Neff*, 130 W.Va. 121, 42 S.E.2d 793 (1947). Recording of the deed is not critical and acknowledgment is not essential to its validity. As stated in *McElwain v. Wells*, 174 W.Va. 61, 64, 322 S.E.2d 482, 485 (1984): "Acknowledgment is a prerequisite for recording, W .Va.Code, 39–1–2, but adds nothing to the validity of a deed as between the parties and others who know about it. A defect in acknowledgment 'does not detract from the force of the deed in making effective the conveyance intended to be made thereby.' *State v. Armstrong*, 134 W.Va. 704, 61 S.E.2d 537, 539 (1950)."

The deed involved in the present case was dated August 29, 1994, twelve days before the appellant suffered the injury which gives rise to this cause of action. The deed itself states that it was signed and sealed on August 29, 1994. Further, the signature of one grantor, Frank Johns, was acknowledged on September 1, 1994, nine days before the appellant's injury.

From what has been filed in this case, it is unclear to this Court when the deed was delivered, and, thus, when the interests in the property were transferred to Mr. Wolfe. Since the date of delivery is the date upon which the deed took effect, and since that date is unclear from the documents filed in the case, the delivery date of the deed is still a genuine issue of material fact in the case.

Where there is such a genuine issue of fact still remaining to be resolved, Syllabus Point 3, *Aetna Casualty & Surety Company v. Federal Insurance Company of New York, id.,* indicates that entry of summary judgment is improper. In view of this, this Court believes that the trial court erred in entering summary judgment for Mr. Wolfe.

A further question presented in this case is whether Mr. Wolfe was an agent of the Johns Family at the time of the appellant's injury and whether this issue was properly raised. An inquiry concerning this point is significant because the law of this State recognizes that an agent is personally liable for a tort committed within the scope of an agency relationship. *Holstein v. Norandex, Inc.,* 194 W.Va. 727, 461 S.E.2d 473 (1995). Under this rule, Mr. Wolfe potentially would be liable to the appellant if the Johns Family owned the property and if he was an agent of the Johns Family at the time of the appellant's injury, assuming Mr. Wolfe's negligence was the proximate and actual cause of the appellant's injury.

An agent is one who, subject to some control of another, acts on behalf of that other as a representative in the conduct of the other's business or contractual relations with third persons. *See Teter v. Old Colony Company,* 190 W.Va. 711, 441 S.E.2d 728 (1994); and *State ex rel. Key v. Bond,* 94 W.Va. 255, 118 S.E. 276 (1923).

Certainly the evidence presented suggests that both the Johns Family and Mr. Wolfe represented to the appellant before her injury that Mr. Wolfe was entitled to collect the rent due on the property. If Mr. Wolfe did not own the property at the time he was entitled to collect the proceeds, it may be inferred that he was entitled to collect only because the Johns' Family had authorized him to act and that he was acting pursuant to some sort of instruction from, or control of, the Johns Family. These circumstances suggest that, if Mr. Wolfe did not own the property at the time he collected the appellant's rent, he could be found to be an agent of the Johns Family at that time.

Although an agency relationship is not clearly established by what has been filed,

this Court believes that, at the very least, further development of the facts of the case is desirable to clarify the question of whether or not the appellant's claim of liability on the basis of agency is a valid claim. Thus, summary judgment on that issue was inappropriate.

For the reasons stated, this Court believes that the Circuit Court of McDowell County erred in entering summary judgment for John L. Wolfe. Therefore, the judgment of the circuit court is reversed and this case is remanded for further development.

Reversed and remanded.

Justice McGRAW did not participate in the decision of this case.