## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Monongalia General Hospital,**
**Third Party Intervenor Below, Petitioner**

**FILED**
**April 8, 2016**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 15-0633** (Marion County 14-C-256)

**William James Straight and James H. Straight,**
**Individually and as Administrator of the**
**Estate of Robin K. Straight,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Monongalia General Hospital, a third-party intervenor below, by counsel J[.]C[.] Amos and Roger D. Curry, appeals the Circuit Court of Marion County's "Order Denying Intervenor's Motion for Relief of Judgment," entered May 21, 2015, that denied petitioner's motion to vacate the circuit court's "Order of Declaratory Judgment," entered November 7, 2014. In the November 7, 2014, order, the circuit court found that a writing signed by Mrs. Pearl Straight and recorded on August 18, 1998, granted a life estate to her daughter, Robin K. Straight, and the remainder to her grandson, Respondent William James Straight. The grandson and his father, Respondent James H. Straight, individually and as the administrator of the estate of Robin K. Straight, by counsel Charles E. Anderson, responds in support of the circuit court's May 21, 2015, order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mrs. Pearl Straight ("Mrs. Straight"), now deceased, had two children: Robin Straight ("daughter"), and Respondent James H. Straight ("son"). James H. Straight has a son, Respondent William James Straight ("grandson"). On June 8, 1998, Attorney Karen M. Yokum prepared a *two-page* deed (the "draft deed") for Mrs. Straight in which Mrs. Straight agreed to transfer her real property in Marion County to her daughter, but reserved a life estate for herself. Specifically, the draft deed provided as follows:

DEED, Made this 8th day of June, 1998, by and between [Mrs. Straight] single, Grantor, and [her daughter], Grantee.

[Mrs. Straight] does hereby grant and convey, with covenants of general warranty, unto the grantee [the subject property].

1

[Mrs. Straight] here reserves and excepts unto herself a LIFE ESTATE in the subject real estate.

(Capitalization in the original.)

Attorney Yokum delivered the draft deed to Mrs. Straight that same day. At some point on or before August 18, 1998, Mrs. Straight signed the two-page draft deed on the second page. Mrs. Straight acknowledged her signature before a notary on August 18, 1998. That same day, the county clerk was presented with a *three-page* document for filing. The document contained the signed and acknowledged draft deed, along with a one-page, typed document ("Page 3") that had been signed by Mrs. Straight, but was neither dated nor acknowledged. Page 3 changed the "grant and convey" clause in the draft deed in that it granted Mrs. Straight's daughter only a life estate in the subject property and provided the remainder to Mrs. Straight's grandson. Page 3, in its entirety, provides as follows:

I, [Mrs. Straight] wish for my daughter . . . to have her lifetime rights in said real-estate described in the attached deed. At the time of [my daughter's] death I wish the said property to be transferred to my grandson . . . .

The county clerk witnessed the three-page deed on Page 3 and recorded it on pages 1093, 1094, and 1095 of Deed Book 948.

Mrs. Straight died about ten years later in May of 2008, and her property passed to her daughter. Mrs. Straight's daughter died intestate six years after that, in February of 2014. Mrs. Straight's son is the daughter's sole heir and the administrator of the daughter's estate. When the daughter died, she owed more than $80,000 to Petitioner Monongalia General Hospital for treatment she had received from petitioner in and around 2013. Thereafter, in April of 2014, petitioner filed a proof of claim against the daughter's estate.

On September 3, 2014, Mrs. Straight's grandson filed the instant declaratory judgment action against his father (Mrs. Straight's son) individually and in his role as the administrator of the daughter's estate. In his complaint, the grandson claimed that he was trying to sell the subject property and a potential buyer had questioned the validity of the deed. A hearing was held on the matter on November 3, 2014. At the hearing, Mrs. Straight's son testified (1) that the signature on Page 3 was his mother's signature, and (2) that his mother told him, her daughter, and her grandson that, upon the daughter's death, the subject property would belong to the grandson. At the conclusion of the hearing, the circuit court found that Page 3 of the deed clearly indicated that Mrs. Straight sought to convey a life estate to her daughter and the remainder to her grandson. Accordingly, on November 7, 2014, the circuit court entered an "Order of Declaratory Judgment" in which it found that, at the time the deed was executed and recorded, Mrs. Straight clearly intended for her daughter to have a life estate in the property and her grandson to have the remainder. Accordingly, the circuit court found that Mrs. Straight's grandson now owned the subject property.

On March 3, 2015, petitioner filed a motion for relief of judgment from the November 7, 2014, "Order of Declaratory Judgment," pursuant to Rule 60(b) of the Rules of Civil Procedure.

2

In its motion, petitioner asserted (1) that the grandson's declaratory judgment action was an attempt to avoid the daughter's debt to petitioner, and (2) given that petitioner had filed a proof of claim against the daughter's estate, petitioner should have been served with notice of the action and joined as an interested party. The circuit court convened a hearing on petitioner's motion on April 23, 2015, at which the circuit court interpreted petitioner's motion as a motion for permissive intervention pursuant to Rule 24(b) of the Rules of Civil Procedure. Petitioner was thereafter added as a party to the instant action.

On May 21, 2015, the circuit court entered its "Order Denying Intervenor's Motion for Relief of Judgment." In that order, the circuit court found the draft deed and Page 3 should be read together as a single instrument that conveyed a life estate to Mrs. Straight's daughter and the remainder to her grandson.

Petitioner now appeals the May 21, 2015, order. "A circuit court's entry of a declaratory judgment is reviewed *de novo*." Syl. Pt. 3, *Cox v. Amick*, 195 W.Va. 608, 610, 466 S.E.2d 459, 461 (1995).

On appeal, petitioner assigns error to the circuit court's finding that Page 3 was part of the deed to the subject property. In essence, petitioner claims that the two-page "draft deed" is the deed for the subject property and, in accordance with the draft deed, the property is a part of Mrs. Straight's daughter's estate and subject to petitioner's proof of claim. Petitioner makes three arguments in support of this conclusion.

Petitioner first argues that the circuit court erred in finding that the draft deed and Page 3 should be read together given that the record contains "no evidence" that Mrs. Straight attached Page 3 to the draft deed. We disagree. Here, as the county clerk's acknowledgment on the third page of the three-page deed shows, the draft deed and page three were presented to the county clerk as a single document and the county clerk accepted and recorded them as such. Thus, it may be inferred that all three pages were intended to serve as the deed to the subject property.

Petitioner next argues that because Page 3 was not attested to by a notary or two witnesses, the county clerk filed Page 3 in error. Petitioner also claims that the notary's acknowledgement on the second page of the draft deed cannot be imputed to Page 3. West Virginia Code § 39-1-2 provides as follows:

> The clerk of the county court of any county in which any deed . . . is to be, or may be, recorded, shall admit the same to record in his office, as to any person whose name is signed thereto, when it shall have been acknowledged by him, or proved by two witnesses as to him, before such clerk of the county court.

Accordingly, "[a]n acknowledgement is a prerequisite to recording an instrument in this State." *Galloway v. Cinello*, 188 W.Va. 266, 268, 423 S.E.2d 875, 877 (1992).

Given that the draft deed and Page 3 were recorded as a single three-page deed, the acknowledgment on the second page of the deed, serves as the acknowledgment of the deed in its entirety.

3

"In construing a deed, will, or other written instrument, it is the duty of the court to construe it as a whole, taking and considering all the parts together, and giving effect to the intention of the parties wherever that is reasonably clear and free from doubt, unless to do so will violate some principle of law inconsistent therewith." Syllabus Point 1, *Maddy v. Maddy*, 87 W.Va. 581, 105 S.E. 803 (1921).

Syl. Pt. 5, *Faith United Methodist Church & Cemetery of Terra Alta v. Morgan*, 231 W.Va. 423, 745 S.E.2d 461, 463 (2013). Moreover,

> [o]ur well-established case law likewise recognizes that when confronted with construing a deed, "the intention of the grantor controls" which requires that "the whole instrument, not merely and separately disjointed parts, is to be considered." Syl. Pt. 6, in part, *Uhl v. Ohio River R. Co.*, 51 W.Va. 106, 41 S.E. 340 (1902). We have also said that the polar star which should guide courts in the construction of deeds is the intention of the parties making the instrument. *Totten v. Pocahontas Coal & Coke Co.*, 67 W.Va. 639, 642, 68 S.E. 373, 374 (1910).

*Belcher v. Powers*, 212 W.Va. 418, 424, 573 S.E.2d 12, 18 (2002). In construing the writing at issue in this case as a "whole instrument," we find that the notary's attestation on the second page of the draft deed serves as an attestation for the writing in its entirety. Thus, we reject petitioner's argument that the attestation on the second page of the deed cannot be imputed to the third page of the deed.

Petitioner's third and final argument is that there is no evidence that Mrs. Straight signed the draft deed on the same day she signed Page 3. In Syllabus Point 2 of *Oresta v. Romano Brothers* we held that "[a] deed will be interpreted and construed as of the date of its execution." 137 W.Va. 633, 633, 73 S.E.2d 622, 623 (1952). Here, the evidence tends to show that Mrs. Straight executed the draft deed on August 18, 1998, when it was acknowledged by a notary. That said, "[t]he law in this State is rather clear that a deed takes effect from its actual or constructive delivery." *Jones v. Wolfe*, 203 W.Va. 613, 615, 509 S.E.2d 894, 896 (1998). Consequently, it is irrelevant whether Mrs. Straight signed the draft deed prior to signing Page 3 as we look only to her intent on the date she delivered the writing at issue in this case. We have said, to

> "'constitute a delivery of a deed, the grantor must by act or word, or both, part with all right of possession and dominion over the instrument with the intent that it shall take effect as his deed.' [*Garrett v. Goff*, 61 W.Va. 221, 230, 56 S.E. 351, 355 (1907)] *quoting Gaines v. Keener*, 48 W.Va. 56, 35 S.E. 856 (1900)."

*Montgomery v. Callison*, 226 W.Va. 296, 304, 700 S.E.2d 507, 515 (2010). On August 18, 1998, Mrs. Straight recorded her three-page deed and, therefore, satisfied the delivery requirement. Consequently, pursuant to *Jones*, the deed took effect on August 18, 1998, and pursuant to *Oresta*, the deed must be interpreted and construed as of that date.

4

In light of the foregoing, we find that the circuit court did not err in interpreting and construing the three-page deed as conveying a life estate to Mrs. Straight's daughter and the remainder to Mrs. Straight's grandson. Accordingly, we find that the circuit court did not err in denying petitioner's motion to vacate the circuit court's November 7, 2014 "Order of Declaratory Judgment."

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:  April 8, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II